UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Riad Kucher and Haroon Mojumder, on behalf of themselves and all other similarly-situated employees,<br><br>        Plaintiff,<br><br>        -against-<br><br>Domino's Pizza, Inc., et al.,<br><br>        Defendant. | Civil Case No. 16-cv-02492 (AJN)<br><br><br>**NEW YORK COOKSTON DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 15(a)(3), the New York Cookston Defendants, *Cookston Enterprises, Inc., Mumbah Style Pizza, Inc., Hat Trick Pizza, Inc., Sestwon Pizza, LLC, 117 Mineola Ave., LLC, 1872A Bellmore Ave., LLC, 1017 Jericho Tpke, LLC, 3489 Riverhead Pizza, LLC, 3469 Mastic Pizza, LLC, 3683 Washington Heights Pizza, LLC, 3456 Hamilton Heights Pizza, LLC, 3342 New Windsor Pizza, LLC, 3361 Monroe Pizza, LLC, 3352 Mount Kisco Pizza, LLC, 3441 Ossining Pizza, LLC, 3488 Cortlandt Manor Pizza, LLC, 3616 West Village Pizza, LLC, 3649 Lower East Side Pizza, LLC, 3551 Yonkers Pizza, LLC, Rolling in the Dough, LLC and Robert Cookston*, hereby provide the following answer to the Second Amended Complaint of the Plaintiffs, Riad Kucher and Haroon Mojumder. Rolling in the Dough, LLC is a Connecticut limited liability company, and it does not operate a Domino's franchise store.  However, for ease throughout this answer, Rolling in the Dough, LLC will be included when there is a reference to the "New York Cookston Defendants" within this answer, except where it is expressly stated that Rolling in the Dough states a distinct answer. Likewise, Robert Cookston, is only an individual who owns the New York entities that operate Domino's franchise stores, and he does not have day-to-day involvement in the operations of the

stores.  However, for ease, he will be included when there is a reference to the "New York Cookston Defendants" within this answer, unless the answer expressly states that "Mr. Cookston" or "Defendant Robert Cookston" is answering.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

## PRELIMINARY STATEMENT

1. The New York Cookston Defendants deny any wrongdoing to the extent it is alleged against them in Paragraph 1.  As to the remainder of Paragraph 1, it appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

2. Denied.

3. Denied.

4. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.[1]

5. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.[2]

---

[1] The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted in footnote 1 of the Second Amended Complaint and, therefore, leave the Plaintiffs to their burden of proof.

[2] The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted in footnote 2 of the Second Amended Complaint and, therefore, leave the Plaintiffs to their burden of proof.

6. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

7. It is admitted that NYS AG's office initiated an investigation involving 3683 Washington Heights Pizza, LLC relating to allegations of retaliation.  It is denied that there was retaliation.  As to the remainder of Paragraph 7, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.[3]

8. It is admitted that Defendant Robert Cookston through 3683 Washington Heights Pizza, LLC agreed to enter into an Assurance of Discontinuance and agreed to reinstate certain employees.  It is denied that there was retaliation. As to the remainder of Paragraph 8, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

9. It is admitted that the identified cases were filed.  As to the remainder of Paragraph 9, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

10. It is denied that there are any "pervasive problems" with respect to any of the New York Cookston Defendants.  As to the remainder of Paragraph 10, it appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston

---

[3] The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted in footnote 3 of the Second Amended Complaint and, therefore, leave the Plaintiffs to their burden of proof.

Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

11. It is denied that there is a "pattern and cycle of unlawful conduct" with respect to any of the New York Cookston Defendants.  As to the remainder of Paragraph 11, it appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

## JURISDICTION AND VENUE

12. Paragraph 12 asserts a legal conclusion and, therefore, no answer is necessary.

13. Paragraph 13 is denied as it pertains to Defendant Robert Cookston.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction.

14. Denied.

15. Denied.

16. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

## PARTIES[4]

17. It is denied that Plaintiff Kucher was employed by Defendant Robert Cookston.  It is further denied that Plaintiff Kucher was an Assistant Store Manager ("ASM").  It is

---

[4] Footnote 4 of the Second Amended Complaint is admitted.

further denied that he worked from November 2014 through January 2016.  It is admitted that Mr. Kucher worked at 170 West 23rd Street, New York, New York; 132 Tuckahoe Road, Yonkers, New York; 1017 Jericho Turnpike, New Hyde Park, New York; 117 Mineola Avenue, Roslyn Heights, New York; and 205 Allen Street, New York, New York.  It is admitted that Mr. Cookston owns the entities located at 170 West 23rd Street, New York, New York; 132 Tuckahoe Road, Yonkers, New York; 1017 Jericho Turnpike, New Hyde Park, New York; 117 Mineola Avenue, Roslyn Heights, New York; and 205 Allen Street, New York, New York, and that these entities operate Domino's stores.  It is denied that Mr. Cookston has day to day control over these entities.  As to whether "Mr. Kucher was an 'employee' within the meaning of all applicable statutes," the allegation asserts a legal conclusion and, therefore, no answer is necessary.   As to the remainder of Paragraph 17, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

18. It is denied that Plaintiff Mojumder was employed by Defendant Robert Cookston.  It is further denied that he worked from July 2014 through January 2016.  It is admitted that Mr. Mojumder worked at 205 Allen Street, New York, New York.  It is admitted that Mr. Cookston owns 3694 Lower East Side Pizza, LLC, located at 205 Allen Street, New York, New York, and it is admitted that 3694 Lower East Side Pizza, LLC operates a Domino's store.  It is denied that Mr. Cookston has day to day control over 3694 Lower East Side Pizza, LLC.  As to whether "Mr. Mojumder was an 'employee' within the meaning of all applicable statutes," the allegation asserts a legal conclusion and, therefore, no answer is necessary.   As to the remainder of Paragraph 17, the New York

Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

**Domino's and Franchisor Defendants**

19. As to whether Domino's met the definition of "employer" under all applicable statutes is a legal conclusion and, therefore, no answer is necessary.  Furthermore, Paragraph 19 appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.  However, the New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.

20. As to whether Domino's met the definition of "employer" under all applicable statutes is a legal conclusion and, therefore, no answer is necessary.  Furthermore, Paragraph 20 appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.  However, the New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.

21. As to whether Domino's met the definition of "employer" under all applicable statutes is a legal conclusion and, therefore, no answer is necessary.  Furthermore, Paragraph 21 appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to

their burden of proof.  However, the New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.

**The New York Franchise Defendants[5]**

22. It is admitted that Mr. Cookston owns Cookston Enterprises, Inc., a New York domestic corporation located at 170 West 23rd Street, New York, New York 10011, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

23. It is admitted that Mr. Cookston owns Mumbah Style Pizza, Inc., a New York domestic corporation located at 943 1st Avenue, New York, New York 10022, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

24. It is admitted that Mr. Cookston owns Hat Trick Pizza, Inc., a New York domestic corporation located at 227 West 40th Street, New York, New York 10018, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

25. It is admitted that Mr. Cookston owns Sestwon Pizza, LLC, a New York domestic limited liability company located at 935 Front Street, Uniondale, New York 11553, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

26. It is admitted that Mr. Cookston owns 117 Mineola Ave., LLC, a New York domestic limited liability company located at 117 Mineola Avenue, Roslyn Heights, New York 11577, which operates a Domino's store.   It is denied that Mr. Cookston has day to day

---

[5] Rolling in the Dough, LLC is a Connecticut limited liability company, and it does not operate a Domino's franchise store.  However, for ease throughout this answer, Rolling in the Dough, LLC will be included when there is a reference to the "New York Cookston Defendants" within this answer, except where it is expressly stated that Rolling in the Dough states a distinct answer.  Likewise, Robert Cookston, is only an individual who owns the New York entities that operate Domino's franchise stores, and he does not have day-to-day involvement in the operations of the stores. However, for ease, he will be included when there is a reference to the "New York Cookston Defendants" within this answer, unless the answer expressly states that "Mr. Cookston" or "Defendant Robert Cookston" is answering.

control over the store.

27. It is admitted that Mr. Cookston owns 1872A Bellmore Ave., LLC, a New York domestic limited liability company located at 1872-A Bellmore Avenue, Bellmore, New York 11710, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

28. It is admitted that Mr. Cookston owns 1017 Jericho Tnpke, LLC, a New York domestic limited liability company located at 1017 Jericho Turnpike, New Hyde Park, New York 11040, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

29. It is admitted that Mr. Cookston owns 3489 Riverhead Pizza, LLC, a New York domestic limited liability company located at 158 Old Country Road, Riverhead, New York 11901, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

30. It is admitted that Mr. Cookston owns 3469 Mastic Pizza, LLC, a New York domestic limited liability company located at 1265 Montauk Highway, Mastic, New York 11950, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

31. It is admitted that Mr. Cookston owns 3683 Washington Heights Pizza, LLC, a New York domestic limited liability company located at 736 West 181st Street, New York, New York 10033, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

32. It is admitted that Mr. Cookston owns 3456 Hamilton Heights Pizza, LLC, a New York domestic limited liability company located at 3624 Broadway, New York, New York

10031, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

33. It is admitted that Mr. Cookston owns 3342 New Windsor Pizza, LLC, a New York domestic limited liability company, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.   The remainder of Paragraph 33 is denied.

34. It is admitted that Mr. Cookston owns 3361 Monroe Pizza, LLC, a New York domestic limited liability company, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.   The remainder of Paragraph 34 is denied.

35. It is admitted that Mr. Cookston owns 3352 Mount Kisco Pizza, LLC, a New York domestic limited liability company located at 130 North Bedford Road, Mt. Kisco, New York 10549, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

36. It is admitted that Mr. Cookston owns 3441 Ossining Pizza, LLC, a New York domestic limited liability company located at 189 South Highland Avenue, Ossining, New York 10562, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

37. It is admitted that Mr. Cookston owns 3488 Cortlandt Manor Pizza, LLC, a New York domestic limited liability company located at 2050 East Main Street, Cortlandt Manor, New York 10567, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

38. It is admitted that Mr. Cookston owns 3616 West Village Pizza, LLC, a New York domestic limited liability company located at 16 West 8th Street, New York, New York

10011, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

39. It is admitted that Mr. Cookston owns 3694 Lower East Side Pizza, LLC, a New York domestic limited liability company located at 205 Allen Street, New York, New York 10002, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

40. It is admitted that Mr. Cookston owns 3551 Yonkers Pizza, LLC, a New York domestic limited liability company located at 132 Tuckahoe Road, Yonkers, New York 10710, which operates a Domino's store.   It is denied that Mr. Cookston has day to day control over the store.

**The Connecticut Franchise Defendants**

41. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

42. It is admitted that Mr. Cookston owns Rolling in the Dough, LLC, a Connecticut domestic limited liability company located at 100 Prospect Street, S410, Stamford, Connecticut 06902.  It is denied that Rolling in the Dough, LLC operates a Domino's store.

43. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

44. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

45. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**Doe Corporations**

46. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

**The Individual Defendant**

47. As to Paragraph 47, the first sentence is denied because it is indecipherable.  As to the second sentence of Paragraph 47, it is denied that "Mr. Cookston is a residence of the state of Connecticut."

48.  It is denied that Mr. Cookston was an "employer."  It is denied that Rolling in the Dough, LLC was an "employer."  As to whether the remaining New York Cookston Defendants were "employers," that is a legal conclusion and, therefore, no answer is necessary.  The New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.  As to the Connecticut Cookston Defendants, they have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

## FACTUAL ALLEGATIONS

**Domino's and the Cookston Defendants are Joint Employers**

**\*As to the above heading, it is denied that Domino's and the Cookston Defendants are joint employers.  It is further denied that any of the Cookston Defendants operate as a joint employer.**

49. The New York Cookston Defendants reassert their answers as set forth above. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

50. Denied. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.[6]

51. Denied.

52. Denied.

53. It is admitted that some employees are paid at minimum wage.  It is admitted that some employees are paid higher than minimum wage.  It is admitted that some employees were paid at the tipped minimum wage prior to December 31, 2015.  However, it is denied that Rolling in the Dough, LLC operates a Domino's store.  As to the remainder of Paragraph 53, denied.

54. The New York Cookston Defendants deny Paragraph 54 as it applies to them.  As to the remainder of Paragraph 54, it appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

55. Paragraph 55 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

56. The New York Cookston Defendants deny Paragraph 56 as it applies to them.  As to the remainder of Paragraph 56, it appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient

---

[6] Footnote 6 of the Second Amended Complaint is denied.

information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

57. The New York Cookston Defendants deny Paragraph 57 as it applies to them.  As to the remainder of Paragraph 57, it appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

58. Paragraph 58 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

59. Paragraph 59 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.[7]

60. Paragraph 60 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

61. Paragraph 61 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or

---

[7] The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted in footnote 7 of the Second Amended Complaint and, therefore, leave the Plaintiffs to their burden of proof.

knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

62. Paragraph 62 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

63. Paragraph 63 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

64. It is admitted that the New York Cookston Defendants, with the exception of Rolling in the Dough, LLC, utilize the PULSE system, among other computerized software. It is denied that Rolling in the Dough, LLC operates a Domino's store. As to the remainder of Paragraph 64, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

65. Paragraph 65 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

66. Paragraph 66 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and,

therefore, leave the Plaintiffs to their burden of proof.

67. Paragraph 67 appears to be directed towards the Domino's Franchisor Defendants, therefore the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

68. The New York Cookston Defendants deny that they engaged "unlawful wage practices." As to the remainder of Paragraph 68, it appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

69. Denied.

70. It is denied that the New York Cookston Defendants violated federal and state labor laws. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer. As to the remainder of Paragraph 70, it appears to be directed towards the Domino's Franchisor Defendants, therefore, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

71. Denied.

72. Denied.

73. Paragraph 73 asserts a legal conclusion and, therefore, no answer is necessary.

**The Connecticut Franchise Defendants Are Not Distinct From Mr. Cookston**

**\*As to the above heading, Defendant Robert Cookston denies that he is not distinct from the Connecticut Franchise Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

74. It is admitted that Defendant Robert Cookston owns franchise locations, including those defined as the New York Cookston Defendants and the Connecticut Cookston Defendants.  Those franchise defendants, with the exception of Rolling in the Dough, LLC, operate Domino's stores.  It is denied that Defendant Robert Cookston has day to day control over the Domino's stores operated by the franchise defendants.  It is denied that Rolling in the Dough, LLC operates a Domino's store.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

75. With respect to the New York Cookston Defendants, Paragraph 75 is denied.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

76. With respect to the New York Cookston Defendants, Paragraph 76 is denied.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

77. Paragraph 77 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

78. Paragraph 78 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

79. Paragraph 79 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

80. The New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

81. It is denied Defendant Robert Cookston exercises day to day control over the employees at his franchise locations. As to the remainder of Paragraph 81, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

82. Denied.

83. It is denied that "[n]either the New York Franchise Defendants nor Connecticut Franchise Defendants operate independently form Defendant Cookston." As to the remainder of the Paragraph 83, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

84. Paragraph 84 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

85. Paragraph 85 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

86. It is denied that Mr. Cookston operates an integrated enterprise. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**Minimum Wage, Overtime and Off-Clock Violations**

**\*As to the above heading, the New York Cookston Defendants deny that there were minimum wage, overtime and/or off-clock violations. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

87. It is admitted that the New York Cookston Defendants, with the exception of Rolling in the Dough, LLC, maintain a "clock-in" systems that requires employees to enter an identification number and a password. The remainder of Paragraph 87 is denied. The New York Cookston Defendants further deny the appropriateness of a class action and/or a collective action in this matter. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

88. Paragraph 88 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

89. Paragraph 89 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

18

personal jurisdiction, and therefore, do not answer.

90. Paragraph 90 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

91. Paragraph 91 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

92. Paragraph 92 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

93. Paragraph 93 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

94. Paragraph 94 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

95. Paragraph 95 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

96. Paragraph 96 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

97. Paragraph 97 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

98. Paragraph 98 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

99. Paragraph 99 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**Unlawful Withholding of Gratuities**

**\*As to the above heading, the New York Cookston Defendants deny that there were unlawful withholdings of gratuities. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

100.       With respect to the New York Cookston Defendants, it is denied that they maintain a tip jar next to each cash register, and it is further denied that customers are invited and encouraged to leave cash gratuities in these jars.  With respect to the New York Cookston Defendants, it is admitted that customers who pay by credit card are permitted to leave gratuities on their credit card receipts.  However, it is denied that Rolling in the Dough, LLC operates a Domino's store.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

101.       Paragraph 101 is denied with respect to the New York Cookston Defendants.  It is further denied that Rolling in the Dough, LLC operates a Domino's store.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

102.     Paragraph 102 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

103.     Paragraph 103 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**"Spread of Hours" Violations**

**\*As to the above heading, the New York Cookston Defendants deny that there were "spread of hours" violations. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

104.     Paragraph 104 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

105.     Paragraph 105 asserts a legal conclusion and, therefore, no answer is necessary.

106.     Paragraph 106 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

107.     Paragraph 107 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**Wage Statement Violations**

**\*As to the above heading, the New York Cookston Defendants deny that there were wage statement violations. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

108. Paragraph 108 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

109. Paragraph 109 asserts a legal conclusion and, therefore, no answer is necessary.

110. Paragraph 110 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

111. Paragraph 111 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**Uniform Purchase Violations and Wage Reductions**

**\*As to the above heading, the New York Cookston Defendants deny that there were uniform purchase violations and wage reductions. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

112. With respect to the New York Defendants, with the exception of Rolling in the Dough, LLC, it is admitted that there are certain uniform requirements.  Paragraph 112 is denied with respect to Rolling in the Dough, LLC.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and

22

therefore, do not answer.  As to the remainder of Paragraph 112, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

113.     Paragraph 113 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

114.     Paragraph 114 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

115.     Paragraph 115 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

116.     As to the first sentence of Paragraph 116, it asserts a legal conclusion and, therefore, no answer is necessary.  As to the second sentence of Paragraph 116, it is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

117.     Paragraph 117 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

<u>**Additional Retaliation Against Mr. Kucher**</u>

**\*As to the above heading, the New York Cookston Defendants deny that there was retaliation. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.**

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    It is admitted that Lou O'Neill is an Operations Manager.  It is admitted that Lou O'Neill is employed by Rolling in the Dough, LLC.  The remainder of Paragraph 128 is denied.

129.    It is admitted that Lou O'Neill is a Connecticut resident.  It is admitted that Lou O'Neill is employed by Rolling in the Dough, LLC.  It is denied that Rolling in the Dough, LLC operates a Domino's store.  As to the remainder of Paragraph 129, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.

130.      It is admitted the Lou O'Neill visits Cookston franchise locations in both New York and Connecticut.  It is admitted that Mr. O'Neill has some level of oversight over operations, but it is denied that he has day-to-day oversight and control over the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

131.      Denied.[8]

132.      Denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

133.      Paragraph 133 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

134.      Paragraph 134 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

135.      As to whether the "duties were not exempt from the overtime provisions of the FLSA," that allegation asserts a legal conclusion and, therefore, no answer is necessary.  The New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.  As to the remainder of Paragraph 135, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.  The Connecticut Cookston Defendants have moved to dismiss on

---

[8] As to the first sentence of footnote 8 of the Second Amended Complaint, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.  As to the second sentence of footnote 8 of the Second Amended Complaint, it is denied.

the grounds of lack of personal jurisdiction, and therefore, do not answer.

136.    Paragraph 136 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

137.    Paragraph 137 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

138.    Paragraph 138 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

139.    Paragraph 139 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

## RULE 23 CLASS ACTION ALLEGATIONS

140.    Paragraph 140 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

141.    Paragraph 141 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

142.    Paragraph 142 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

143.     As to whether the "duties were not exempt from the minimum wage, overtime requirements and other applicable provisions of the NYLL and/or its regulations," that allegation asserts a legal conclusion and, therefore, no answer is necessary.  The New York Cookston Defendants deny the appropriateness of a class action and/or a collective action in this matter.  As to the remainder of Paragraph 143, the New York Cookston Defendants do not have sufficient information or knowledge upon which to base a belief as to the truth of the matter asserted and, therefore, leave the Plaintiffs to their burden of proof.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

144.     Paragraph 144 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

145.     Paragraph 145 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

146.     Paragraph 146 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

147.     Paragraph 147 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

148.     Paragraph 148 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

149.     Paragraph 149 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

150.     Paragraph 150 and all of its subparts are denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

151.     Paragraph 151 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

152.     Paragraph 152 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

153.     Paragraph 153 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

154.     Paragraph 154 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

155.     Paragraph 155 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

156.     Paragraph 156 is denied with respect to the New York Cookston Defendants. The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

157.    Paragraph 157 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

158.    Paragraph 158 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

159.    Paragraph 159 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

160.    Paragraph 160 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

161.    Paragraph 161 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

162.    Paragraph 162 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

163.    Paragraph 163 is denied with respect to the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)**
*On behalf of Plaintiffs and the FLSA Collective*
*Against All Defendants*

164.     The New York Cookston Defendants reassert their answers as set forth above. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

165.     Paragraph 165 asserts a legal conclusion and, therefore, no answer is necessary.

166.     Paragraph 166 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

167.     Paragraph 167 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

168.     Paragraph 168 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

169.     Paragraph 169 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
*On behalf of Plaintiffs and the FLSA Collective*
*Against All Defendants*

170.     The New York Cookston Defendants reassert their answers as set forth above. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

171.     Paragraph 171 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

172.     Paragraph 172 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

173.     Paragraph 173 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

174.     Paragraph 174 is denied with respect to the New York Cookston Defendants.  The

Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of

personal jurisdiction, and therefore, do not answer.

## THIRD CAUSE OF ACTION
### (Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)
### *On behalf of Plaintiffs and the NYLL Class*
### *Against All Defendants (Except the Connecticut Franchise Defendants)*

175.     The New York Cookston Defendants reassert their answers as set forth above.

176.     Paragraph 176 asserts a legal conclusion and, therefore, no answer is necessary.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

31

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of NYLL §§ 650 *et seq.*)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

181.     The New York Cookston Defendants reassert their answers as set forth above.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

**FIFTH CAUSE OF ACTION**
**(Failure to Make Wage Payments in Violation of NYLL § 191)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

186.     The New York Cookston Defendants reassert their answers as set forth above.

187.     Denied.

188.     Denied.

189.     Denied.

**SIXTH CAUSE OF ACTION**
**(Failure to Make Timely Wage Payments in Violation of NYLL § 191)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

190.     The New York Cookston Defendants reassert their answers as set forth above.

191.     Denied.

192.     Denied.

193.     Denied.

**SEVENTH CAUSE OF ACTION**
**(Failure to Make Payments Following Separation in Violation of NYLL § 191)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

194.     The New York Cookston Defendants reassert their answers as set forth above.

195.     Denied.

196.     Denied.

197.     Denied.

**EIGHTH CAUSE OF ACTION**
**(Unlawful Deductions in Violation of NYLL § 193)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

198.     The New York Cookston Defendants reassert their answers as set forth above.

199.     Paragraph 199 asserts a legal conclusion and, therefore, no answer is necessary.

200.     Denied.

201.     Denied.

202.     Denied.

**NINTH CAUSE OF ACTION**
**(Unlawful Deductions from Gratuities in Violation of NYLL § 196-d)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

203.     The New York Cookston Defendants reassert their answers as set forth above.

204.     Paragraph 204 asserts a legal conclusion and, therefore, no answer is necessary.

205.     Denied.

206.     Denied.

**TENTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3) and**
**12 N.Y.C.R.R. § 141-2.2)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

207.    The New York Cookston Defendants reassert their answers as set forth above.

208.    Denied.

209.    Denied.

210.    Denied.

**ELEVENTH CAUSE OF ACTION**
**(Failure to Make Spread of Hours Payments in Violation of 12 N.Y.C.R.R. § 141-**
**2.4)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

211.    The New York Cookston Defendants reassert their answers as set forth above.

212.    Denied.

213.    Denied.

214.    Denied.

**TWELFTH CAUSE OF ACTION**
**(Unlawful Uniform Requirement in Violation of Wage Order 146-1.8)**
*On behalf of Plaintiffs and the NYLL Class*
*Against All Defendants (Except the Connecticut Franchise Defendants)*

215.    The New York Cookston Defendants reassert their answers as set forth above.

216.    Denied.

217.    Denied.

218.    Denied.

## THIRTEENTH CAUSE OF ACTION
### (Retaliation in Violation of the FLSA, 29 U.S.C. § 215)
#### *On behalf of Plaintiff Kucher*
#### *Against All Defendants*

219.     The New York Cookston Defendants reassert their answers as set forth above. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

220.     Paragraph 220 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

221.     Paragraph 221 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

222.     Paragraph 222 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

223.     Paragraph 223 is denied with respect to the New York Cookston Defendants. The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer.

## FOURTEENTH CLAIM FOR RELIEF
### (Retaliation in Violation of NYLL § 215)
#### *On behalf of Plaintiff Kucher*
#### *Against All Defendants (Except the Connecticut Franchise Defendants)*

224.     The New York Cookston Defendants reassert their answers as set forth above.

225.     Denied.

226.     Denied.

227.      Denied.

228.      Denied.

## GENERAL DENIAL

Any allegation in Plaintiffs' Second Amended Complaint which has not been expressly admitted is hereby denied by the New York Cookston Defendants.  The Connecticut Cookston Defendants have moved to dismiss on the grounds of lack of personal jurisdiction, and therefore, do not answer in any part.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated or other additional damages because, at all relevant times, Defendants acted in subjective good faith, without malice, willfulness or evil intent, and had objectively reasonable grounds for believing that the acts or omissions giving rise to liability did not violate the FLSA, state wage and hour laws or any other applicable laws towards Plaintiff and/or putative class Plaintiff.  29 U.S.C. § 260.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to meet the prerequisites to maintaining a collective action under the Fair Labor Standards Act because the named Plaintiffs and opt-in Plaintiffs are not similarly situated and Plaintiffs were not subject to an unlawful common policy or plan.  29 U.S.C. § 216(b).

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain a class action because: 1) the class is not so numerous that joinder of all members is impracticable, 2) there are not questions of law or fact common to the class, 3) the claims or defenses of the representative parties are not typical of the claims or defenses of the class; and/or 4) the representative parties will not fairly and adequately protect the interests of the class.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain a class action because: 1) the prosecution of separate actions by or against individual members of the class would not create a risk of: (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudications or substantially impair or impede their ability to protect their interests; 2) the party opposing the class has not acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; 3) there are not questions of law or fact common to the members of the class that predominate over any questions affecting only individual members; and/or 4) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

SEVENTH AFFIRMATIVE DEFENSE

Any failure alleged in the Second Amended Complaint by the New York Cookston Defendants to comply with wage and hour laws was *de minimus* and therefore not actionable. See 29 C.F.R. § 785.47.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs/putative class Plaintiffs are barred from recovery on the ground that the New York Cookston Defendants exercised reasonable care to prevent any wage and hour violation and instituted appropriate remedial measures, including but not limited to an open door policy, a compliance officer, and an independent monitor, and the Plaintiffs and/or any putative class Plaintiffs failed to utilize these remedial measures available to him/her/them.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of consent, waiver, release, unclean hands, accord and satisfaction, set off, estoppel or other equitable defenses.

TENTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants had no knowledge of any alleged violation.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by exclusions, exceptions, exemptions, credits, or offsets permissible under the law.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief sought in the Second Amended Complaint.

THIRTEENTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants' actions taken with respect to Plaintiffs and/or any putative class Plaintiffs purport to represent were done in good faith and in conformity with and reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice and/or enforcement policy of the United States Department of Labor, New York State Department of Labor and/or other governmental body.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata by virtue of the Assurance of Discontinuance, No. 15-088.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Cookson is not an "employer" within the meaning of any applicable law, statute, rule or regulation and therefore cannot be personally liable for any alleged violations of the laws, statutes or regulations asserted by Plaintiffs or for any of Plaintiffs' alleged damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because an action that seeks liquidated damages may not be maintained as a class action.

EIGHTEENTH AFFIRMATIVE DEFENSE

The named Plaintiffs and putative class members are not entitled to an award of attorneys' fees.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, as a result of after-acquired evidence.

TWENTIETH AFFIRMATIVE DEFENSE

The collateral source doctrine provides an offset and otherwise precludes Plaintiffs from collecting damages because Plaintiffs have been compensated pursuant to the Assurance of Discontinuance, No. 15-088.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are further subject to dismissal because, at all relevant times,

Defendants maintained policies and procedures by which employees are required to review their

pay records and report any pay discrepancies and any wage underpayments to Defendants and at

no relevant time did Plaintiffs report any such pay discrepancies or wage underpayments to

Defendants.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to dismissal because, at all relevant times and pursuant to

the Assurance of Discontinuance No. 15-088, the New York Cookston Defendants fully

complied with applicable federal state and local wage and hour laws, the New York Cookston

Defendants' wage and hour practices and procedures were subject to monitoring by an

independent monitor, and no violations or underpayments were observed or reported by said

independent monitor.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The New York Cookston Defendants are not part of a joint employer and/or single

integrated enterprise with Domino's.  Furthermore, none of the New York Cookston Defendants

are joint employers and/or a single integrated enterprise with any of the other New York

Cookston Defendants.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants did not have knowledge that Mr. Kucher engaged in

any protected activity under the FLSA and/or NYLL.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Connecticut Cookston Defendants and

Defendant Robert Cookston.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants paid Plaintiffs and the Putative Class Members for all hours worked and the spread of hours under the FLSA and New York Labor Law.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants maintain a uniform maintenance policy and practice that is in compliance with the applicable New York Hospitality Wage Order(s).

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were timely paid all their wages by the New York Cookston Defendants.

TWENTY-NINTH AFFIRMATIVE DEFENSE

The New York Cookston Defendants provided Plaintiffs and Putative Class Members wage notices and wage statements in accordance with the requirements under the New York Wage Theft Prevention Act.

THIRTIETH AFFIRMATIVE DEFENSE

The New York Cookston Defendants properly paid Plaintiffs and Putative Class Members all gratuities paid by the customers.

THIRTY-FIRST AFFIRMATIVE DEFENSE

The New York Cookston Defendants allege that they have additional, as yet unstated, defenses available. The New York Cookston Defendants reserve the right to assert additional affirmative defenses based on information that they learn during discovery.

Dated:  Hartford, Connecticut
         June 10, 2016


                         Respectfully submitted,


                         FORDHARRISON, LLP
                         Attorneys for Defendants
                         *Cookston Enterprises, Inc., Mumbah Style
                         Pizza, Inc., Hat Trick Pizza, Inc., Sestwon Pizza,
                         LLC, 117 Mineola Ave., LLC, 1872A Bellmore
                         Ave., LLC, 1017 Jericho Tpke, LLC, 3489
                         Riverhead Pizza, LLC, 3469 Mastic Pizza, LLC,
                         3683 Washington Heights Pizza, LLC, 3456
                         Hamilton Heights Pizza, LLC, 3342 New
                         Windsor Pizza, LLC, 3361 Monroe Pizza, LLC,
                         3352 Mount Kisco Pizza, LLC, 3441 Ossining
                         Pizza, LLC, 3488 Cortlandt Manor Pizza, LLC,
                         3616 West Village Pizza, LLC, 3649 Lower East
                         Side Pizza, LLC, 3551 Yonkers Pizza, LLC,
                         Rolling in the Dough, LLC and Robert Cookston*,

                             By:___/s/ Cindy M. Cieslak___
                             Robin B. Kallor, Esq. (Rk-6719)
                             Cindy M. Cieslak, Esq. (Cc-0234)
                             FordHarrison, LLP
                             750 Main Street, Suite 606
                             Hartford, CT 06103
                             (860)748-4660

                             Eric Su, Esq. (Es-0626)
                             Alyssa Smilowitz, Esq. (As-0822)
                             FordHarrison, LLP
                             100 Park Avenue, Suite 2500
                             New York, New York 10017
                             (212)453-5935

## CERTIFICATION OF SERVICE

This is to certify that on this 10th day of June, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David Gottlieb, Esq.
Rita Lenane, Esq.
Tanvir Rahman, Esq.
Wigdor, LLC
85 Fifth Avenue
New York, New York 10003

Andrew W. Goldwater, Esq.
Friedman, Kaplan, Seiler & Adelman, LLP
7 Times Square
New York, New York 10036

Eric J. Wallach, Esq.
Garrett David Kennedy, Esq.
Joseph A. Piesco, Esq.
Norman M. Leon. Esq.
Lauren Frances Gizzi, Esq.
DLA Piper, LLP
1251 Avenue of the Americas
27th Floor
New York, New York 10020

_/s/ Cindy M. Cieslak_____
Cindy M. Cieslak

WSACTIVELLP:8471698.1