**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
                                        :

RIAD KUCHER and HAROON MOJUMDER, on :     Civil Case No. 16-cv-02492(AJN)
behalf of themselves and all other similarly-situated :
employees, :
                                        :

                      Plaintiffs, :
                                        :

                 v. :

DOMINO'S PIZZA, INC., et al, :
                                        :

                     Defendants. :
                                        :
-------------------------------------------------------------- X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS DOMINO'S PIZZA, INC., DOMINO'S PIZZA, LLC AND
DOMINO'S PIZZA FRANCHISING, LLC'S CROSS-MOTION TO
<u>BIFURCATE DISCOVERY PROCEEDINGS</u>**

Submitted by:

**WIGDOR LLP**

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845

*Attorneys for Plaintiffs, the Proposed
FLSA Collective and NYLL Class*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .............................................................................................................. ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

I.       STANDARD ON A MOTION TO BIFURCATE DISCOVERY ...................................... 1

II.      DOMINO'S HAS NOT ESTABLISHED ANY LEGITIMATE CONVENIENCE OR
         BENEFIT OF ECONOMY SERVED BY BIFURCATION OF DISCOVERY ................. 2

         A.       Domino's Is Not Entitled to a Presumption of Summary Dismissal ...................... 2

         B.       There Is No Practical Benefit Derived from Bifurcation, Which Will Actually
                  Result in Duplication of Proceedings, Needless Delay and Confusion .................. 4

III.     TO THE EXTENT THAT DOMINO'S SEEKS TO STAY THE ISSUANCE OF
         NOTICE, THEIR REQUEST SHOULD BE DENIED ..................................................... 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

Cano v. DPNY, Inc.,
  287 F.R.D. 251 (S.D.N.Y. 2012) ................................................................... 2, 3, 4

Charvat v. Plymouth Rock Energy, LLC,
  No. 15 Civ. 4106 (JMA) (SIL), 2016 WL 207677 (E.D.N.Y. Jan. 12, 2016) .......................... 1

Cramer v. Fedco Auto. Components Co.,
  No. 01 Civ. 0757 (ESR), 2002 WL 1677694 (W.D.N.Y. July 18, 2002) ................................ 2

Dias v. Cmty. Action Project, Inc.,
  No. 07 Civ. 5163 (NGG) (RER), 2009 WL 595601 (E.D.N.Y. Mar. 6, 2009) ........................ 8

Fable Toy Corp. v. Acme Premium Supply Corp.,
  No. 92 Civ. 4699 (LMM), 1996 WL 103971 (S.D.N.Y. Mar. 11, 1996) ................................ 2

In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.,
  735 F. Supp. 2d 277 (W.D. Pa. 2010) ........................................................................ 9

Jean-Louis v. Metro. Cable Commc'ns, Inc.,
  No. 09 Civ. 6831 (RJH) (MHD), 2010 WL 1778794 (S.D.N.Y. Apr. 29, 2010) ................. 8, 9

Lin v. Great Rose Fashion, Inc.,
  No. 08 Civ. 4778 (NGG), 2009 WL 1544749 (E.D.N.Y. June 3, 2009) ................................ 4

Patterson v. Domino's Pizza, LLC,
  60 Cal. 4th 474, 333 P.3d 723 (Cal. 2014) .............................................................. 3

Salazar v. McDonald's Corp.,
  No. 14 Civ. 02096 (RS) (MEJ), 2016 WL 736213 (N.D. Cal. Feb. 25, 2016) ........................ 9

Tabor v. New York City,
  No. 11 Civ. 0195 (FB), 2012 WL 603561 (E.D.N.Y. Feb. 23, 2012) ................................... 1, 2

Tate v. Levy Rest. Holdings, LLC,
  No. 14 Civ. 2056 (JBW), 2015 WL 9076230 (E.D.N.Y. July 14, 2014) ................................ 9

Vondriska v. Paychex Bus. Sols., Inc.,
  No. 07 Civ. 1322 (TGW), 2009 WL 632889 (M.D. Fla. Mar. 11, 2009) ............................ 9, 10

Wright v. Mountain View Lawn Care, LLC,
  No. 15 Civ. 00224 (MFU) (RSB) (W.D. Va. Nov. 4, 2015) ................................................ 9

## <u>Other Authorities</u>

Fed. R. Civ. P. 1 ................................................................................................................ 1, 8

Fed. R. Civ. P. 12 (b) ............................................................................................................. 1

Fed. R. Civ. P. 42 (b) ............................................................................................................. 8

Plaintiffs Riad Kucher and Haroon Mojumder, respectfully submit this memorandum of law in opposition to Defendants Domino's Pizza, Inc., Domino's Pizza, LLC and Domino's Pizza Franchising, LLC's (collectively, "Domino's" or the "Franchisor Defendants") cross-motion to bifurcate proceedings with respect to their "joint employer" defense.

## PRELIMINARY STATEMENT

The Franchisor Defendants' proposal to bifurcate proceedings is contrary to Rule 1 of the Federal Rules of Civil Procedure, which requires "just, speedy, and inexpensive determination of every action and proceeding." Far from creating convenience and economy, bifurcating discovery in the manner recommended by Domino's will result in extensive delay, duplication of discovery, and substantial added costs and prejudice for all litigants as well as added burden on the Court. The mere fact that Domino's believes they will be able to prevail on summary judgment with regard to the joint employer claim does not create a right to shift the burden of prolonged and expensive proceedings on everyone else. Plaintiffs are more than happy to expedite all discovery and advance this litigation is quickly as possible, but Plaintiffs are not willing to litigate this action strictly on Domino's' terms and in the manner most convenient for Domino's.

## ARGUMENT

### I. STANDARD ON A MOTION TO BIFURCATE DISCOVERY

The standards applicable to motions to bifurcate discovery are the same as those addressed under Fed. R. Civ. P. 42(b) governing separate trials; namely, the motion may be granted "[f]or convenience, to avoid prejudice, or to expedite and economize." See e.g. Charvat v. Plymouth Rock Energy, LLC, No. 15 Civ. 4106 (JMA) (SIL), 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016); Tabor v. New York City, No. 11 Civ. 0195 (FB), 2012 WL 603561, at

1

*10 (E.D.N.Y. Feb. 23, 2012), report and recommendation adopted, No. 11 Civ. 0195 (FB)
(CLP), 2012 WL 869424 (E.D.N.Y. Mar. 14, 2012) ("Bifurcation is appropriate when the
resolution of a single issue may resolve the case and render trial on the other issue
unnecessary."); Cramer v. Fedco Auto. Components Co., No. 01 Civ. 0757E (SR), 2002 WL
1677694, at *2 (W.D.N.Y. July 18, 2002) (applying Rule 42(b) and denying motion to bifurcate
discovery or trial); Fable Toy Corp. v. Acme Premium Supply Corp., No. 92 Civ. 4699 (LMM),
1996 WL 103971, at *1 (S.D.N.Y. Mar. 11, 1996) (denying application to bifurcate discovery
where the court did not believe "that bifurcation of discovery would lead to any substantial
[economic] savings.").  Therefore, the only real issue here is whether bifurcating proceedings
will expedite and economize proceedings, and whether bifurcation avoids or creates any
prejudice.  The answer, described at length herein, is that there is virtually no convenience or
economy served from bifurcating proceedings, and to the contrary, bifurcation will create
substantial burden and needlessly delay proceedings.

## II.   DOMINO'S HAS NOT ESTABLISHED ANY LEGITIMATE CONVENIENCE OR BENEFIT OF ECONOMY SERVED BY BIFURCATION OF DISCOVERY

### A.   Domino's Is Not Entitled to a Presumption of Summary Dismissal

Domino's repeatedly argues in their cross-motion that they should not have to engage in
full discovery because Plaintiffs have not provided any *prima facie* "evidence" to establish a
"joint employer" claim.  According to Domino's, dismissal of Plaintiffs' joint employer claims is
a *fait accompli*, thereby exempting them from full discovery.  This position is completely
undermined by the fact that Domino's has not moved to dismiss Plaintiffs' claims, which would
of course be their remedy for a pleading defect.  The reason is likely because such an argument
would be futile.  See Cano v. DPNY, Inc., 287 F.R.D. 251, 260 (S.D.N.Y. 2012) (rejecting
Domino's argument that including Domino's as a joint-employer defendant with a franchisee

would be futile).  Domino's is well aware that there is no obligation for a plaintiff to set forth

"evidence" at the pleading stage, so any self-serving argument that dismissal on summary

judgment is likely based on the allegations of the Complaint widely misses the mark.

Aside from the bare claim that Plaintiffs have failed to provide "evidence" at the pleading

stage, the Franchisor Defendants also heavily cite Patterson v. Domino's Pizza, LLC, 60 Cal. 4th

474, 501, 333 P.3d 723, 741 (Cal. 2014) for the proposition that they are certain to be successful

on summary judgment.  However, Patterson is completely irrelevant here for multiple reasons.

First, Patterson held that there was no joint-employer status between Domino's and certain

California-based franchisees.  However, what will be at issue here is Domino's relationship with

the Cookston Defendants (as defined in the Second Amended Complaint (Dkt. No. 114)).  While

we are certain there will be some similarities in these respective relationships, there are also

certain to be many differences, perhaps in part given that the New York State Attorney General

has specifically "called out" Domino's to get control of and to start taking responsibility for the

conduct of its franchisees in New York, including the Cookston Defendants.  This is an issue that

must be explored through discovery, and Domino's is not entitled to any presumption of likely

success at summary judgment, particularly due to a California action involving different parties.

Second, contrary to the Franchisor Defendants' representations (Defs.' Br. at Note 7)

Patterson was a California *state law* sexual harassment case, not a Title VII action, and the

California Supreme Court *did not* apply the same "economic reality" used in the Second Circuit

in the Fair Labor Standards Act ("FLSA") context – making it an extremely poor data point to

suggest that summary judgment is imminent for Domino's in this matter.  Compare Patterson

(using common law agency and vicarious liability principles to grant Domino's' motion for

summary judgment and finding Domino's not liable for franchisee employee's sexual

3

harassment of plaintiffs) with Cano, 287 F.R.D. at 258-259 (outlining the "flexible" economic realities test, observing that "[t]he Second Circuit has declined to circumscribe [a court's] analysis to a precise set of factors, ... noting that a district court is free to consider any other factors it deems relevant to its assessment of the economic realities," and allowing plaintiffs to add Domino's franchisors as defendants) (alterations in original) (quoting Lin v. Great Rose Fashion, Inc., No. 08 Civ. 4778 (NGG), 2009 WL 1544749, at *12 (E.D.N.Y. June 3, 2009)) (additional quotations and citations omitted).

The other cases cited by Domino's for the inevitability of dismissal are also irrelevant, as they all relate to summary judgment decisions following the creation of an evidentiary record that Domino's has not "proven" they can show in this action, and they certainly do not stand for the proposition that it would somehow be "unjust" to proceed through litigation simply where summary judgment is possible.  In the end, Domino's has not established a likelihood of summary judgment that confers on them the extraordinary right to stage discovery in a way that limits their potential expense as much as possible.  In fact, as discussed below, bifurcating proceedings does very little to limit the burden imposed on the Franchisor Defendants, and instead shifts substantial burden onto the remaining parties, not to mention needlessly delays the overall adjudication of this action.

**B.      There Is No Practical Benefit Derived from Bifurcation, Which Will Actually Result in Duplication of Proceedings, Needless Delay and Confusion**

There is no "practical" benefit or expediting of proceedings that will occur through bifurcated discovery.  While Domino's claims non-expedited discovery will be "extremely costly and time consuming" they have not explained in any specific or articulable manner how bifurcated discovery will look and how it will unburden them, instead relying on broad and

generalized concepts.  The reality is that non-bifurcated proceedings will impose little if any added burden on Domino's' involvement in this litigation.

From a document discovery perspective, Franchisor Defendants will likely be required to produce nearly the exact same scope of documents whether proceedings are bifurcated or not. For, if Domino's' contentions are true – and they have no control over the Cookston Defendants' employees or pay practices in any way – the only evidence Domino's could possibly produce in document discovery would be evidence related to Plaintiffs' joint employer allegations.  In other words, were class/collective discovery to proceed in normal fashion, the Franchisor Defendants would produce the same documents that they would in bifurcated discovery, so there would be no added burden.  Class and collective discovery on the merits can hardly be said to be burdensome for Domino's when it would have to produce identical documents in either scenario.

The same holds true for depositions.  Domino's will likely be required to produce the same witnesses whether in bifurcated or full discovery.  Naturally, we will seek to depose all Domino's employees involved in the relationship with Domino's and the Cookston Defendants and/or their employees.  These same witnesses will need to be deposed whether discovery is bifurcated or not.  Put another way, if Domino's has a witness with information relevant to the substantive merits of the underlying claims, such a witness will be *per se* relevant for the joint employer defense as well.  So, it is not as if Domino's would get to somehow avoid the burden of producing witnesses for depositions due to the bifurcation of discovery, even if Domino's obtains a summary judgment decision in their favor.

The outcome is no different for the Cookston Defendant witnesses.  Plaintiffs will be deposing largely the same witnesses from the Cookston Defendants whether the issue is limited to the joint employer defense or whether the parties are engaged in full class/collective and

5

merits discovery.  We will likely be deposing various managerial employees, and questioning them on the extent to which they are controlled by policies and practices implemented by the Franchisor Defendants and, of course, whether they have any direct interaction with anyone from Domino's.  It will likely be the same managerial employees who we will need to depose with respect to the substantive claims; namely, witnesses with information regarding the policies and pay practices relevant to the putative class members.  Naturally, if the parties are engaged in full discovery these depositions will likely last somewhat longer, but it will hardly impact the number of depositions or the identities of the deponents.  The mere fact that Domino's attorneys may need to attend some somewhat longer depositions while Plaintiffs' counsel asks the Cookston Defendants' witnesses questions does not nearly substantiate the burden they are claiming necessitates bifurcation.

Furthermore, Domino's' protestation that they should not have to deal with "ancillary matters" such as discovery-related disputes during class discovery is spurious, as any anticipated discovery-related dispute in which Domino's would be involved during merits discovery would inevitably arise whether or not discovery was bifurcated.  Again, this is because Domino's claims to only possess a single category of evidence – evidence showing that they are not Plaintiffs' joint employer.  In sum, any claim by Domino's that engaging in discovery proceedings on the substantive merits would cause an undue burden is undercut by their contention that they had a complete lack of control over the Cookston Defendants' employees and/or their pay practices.  If it is truly the case that Domino's was not Plaintiffs' employer, there should be no reason for Domino's to get embroiled in merits-based discovery disputes.

In the proposed bifurcated proceedings, however, Plaintiffs would have to call all those witnesses in the first instance and limit the depositions to joint employer-related issues.  Then,

many months or even a year later – after the close of joint employer discovery, after full briefing

on summary judgment, after a summary judgment decision by the Court, and after a second

round of class/collective and merits-based document production – Plaintiffs would be forced to

re-call each and every one of those witnesses and depose them a second time on issues related to

class certification and the substantive merits.  This would have a tremendous additional cost to

Plaintiffs, as Plaintiffs would effectively need to prepare for and take twice the number of

depositions.  Not to mention, it will turn this into piecemeal litigation and duplicate proceedings

endlessly before the Court – that is, in each phase of discovery, there will be discovery disputes

and motion practice, dealing not only with the substance of discovery, but the scope of the

particular phase as well.

    Domino's feigns curiosity by rhetorically asking "why Plaintiffs would want to subject

Domino's, the Cookston Defendants, or themselves, for that matter, to such unnecessary costs

and burdens" by opposing the bifurcation of discovery.  See Franchisor Defs.' Br. at 13.  The

answer is simple.  When the practical implications of Domino's' proposal are laid out, the end

result is that unnecessary costs and burdens will shift to Plaintiffs and this litigation will proceed

on a slowest track possible.  Moreover, any actual benefit with respect to convenience or

economy for Domino's is minuscule, if it exists at all.

    The Franchisor Defendants pretend as if their approach will somehow be expeditious, but

the actual result will be delay, delay, and more delay.  As stated above, the bifurcated

proceedings will result in a full and extensive round of document and deposition discovery

covering likely dozens of witnesses.  It is not even fathomable to think this could be done in a

short time frame as it will cover dozens of witnesses and almost certainly motion practice.  After

that lengthy process is complete, it will be followed by summary judgment motion practice,

followed by an effective stay pending the outcome of that motion, followed by a second full round of depositions (regardless of whether Domino's' motion for summary judgment is granted or not). To be clear, while Domino's states that it will proceed on joint employer discovery in an expedited fashion (and we are happy to expeditiously conduct all discovery), given the volume of witnesses who will need to be deposed, it will doubtlessly take substantial time. The bifurcation process will also doubtlessly raise and invite additional discovery disputes focused on whether certain issues – and even certain deposition questions – fall within "first stage" or "second stage" discovery. The proposed bifurcation of discovery – far from expediting and simplifying proceedings – will cause delay, create needless disputes and waste the time and resources of both the parties and the Court.

This "slow track" approach is consistent with the Franchisor Defendants and Cookston Defendants tag-team effort to slow this litigation down from the start, as they have already collectively sought four requests for stays and extensions to this point (See Dkt. Nos. 121, 124, 125, 128) and it is contrary to Fed. R. Civ. P. 1 (discovery "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Lastly, Domino's cited cases, many of them out-of-circuit, for the proposition that bifurcated proceedings is standard practice in these circumstances are inapposite. See Dias v. Cmty. Action Project, Inc., No. 07 Civ. 5163 (NGG) (RER), 2009 WL 595601 (E.D.N.Y. Mar. 6, 2009) (Title VII case in which the court converted the defendants' motions under Rule 12(b)(6) to motions for summary judgment, based on submissions by the parties outside the pleadings, and basing its rationale for bifurcated discovery on, inter alia, the fact that the parties had already briefed the issue of joint employer liability); Jean-Louis v. Metro. Cable Commc'ns, Inc.,

8

No. 09 Civ. 6831 (RJH) (MHD), 2010 WL 1778794, at *2 (S.D.N.Y. Apr. 29, 2010) (simply

stating that the court had ordered initial discovery on joint-employer question and on subject

matter jurisdiction, but no formal bifurcation of proceedings and no explained rationale, contrary

to Domino's representation that it was to "preliminary resolve threshold issues")[1]; Tate v. Levy

Rest. Holdings, LLC, No. 14 Civ. 2056 (JBW), 2015 WL 9076230 (E.D.N.Y. July 14, 2014) (in

state law discrimination case, The Honorable Jack B. Weinstein ordered expedited discovery on

the joint employer issue after converting defendants' motion to dismiss for failure to state a

claim to a motion for summary judgment, a procedural posture not comparable to the instant

matter, in which no motion to dismiss or motion for summary judgment has been filed); In re

Enter. Rent-A-Car Wage & Hour Employment Practices Litig., 735 F. Supp. 2d 277, 344 (W.D.

Pa. 2010) (same procedural posture as Tate and therefore similarly unavailing); Wright v.

Mountain View Lawn Care, LLC, No. 15 Civ. 00224, Dkt. No. 34 (W.D. Va. Nov. 4, 2015)

(ordering expedited discovery on joint employer and single integrated enterprise theories of

liability in response to *plaintiff's* motion to compel discovery, because, *inter alia*, defendants

asserted they did not meet Title VII's threshold numerosity requirement – a much more discrete

issue)[2]; Salazar v. McDonald's Corp., No. 14 Civ. 02096 (RS) (MEJ), 2016 WL 736213, at *1

(N.D. Cal. Feb. 25, 2016) (joint employer discovery and merits discovery proceeded *together*,

with joint employer discovery simply scheduled to end earlier than merits discovery to allow the

parties to brief anticipated summary judgment motion); Vondriska v. Paychex Bus. Sols., Inc.,

---

[1]     Moreover, perhaps apropos, the Jean-Louis court noted that the scheduling order was "a
lengthy one," as the initial phase of discovery had at that point gone on for almost eight months.
See Jean-Louis, 2010 WL 1778794, at *2.  Plaintiffs argue that the same thing is near certain to
happen here if proceedings are formally bifurcated.  See infra at pp. 7 -8.

[2]     For the Court's convenience, we have attached the court's order as Ex. A to the
Declaration of David E. Gottlieb ("Gottlieb Decl.").

No. 07 Civ. 1322 (TGW), 2009 WL 632889, at *5 (M.D. Fla. Mar. 11, 2009), vacated sub nom.

Vondriska v. Cugno, 368 F. App'x 7 (11th Cir. 2010) (bifurcating discovery on joint employer

claims because, *inter alia*, "resolution of a preliminary motion [on the employer] issue may

dispose of the entire action" based direct employer's bankruptcy resulting in their not being

named as defendants) (alterations in original); In re: Jimmy John's Overtime Litig., No. 14 Civ.

5509 (CPK), Dkt. No. 254 (N.D. Il., Mar. 3, 2016) (nationwide FLSA collective action in which

notice was in the process of being issued, where finding for defendants on joint employer issue

would dismiss 98% of plaintiffs from the action).[3]

### III.   TO THE EXTENT THAT DOMINO'S SEEKS TO STAY THE ISSUANCE OF NOTICE, THEIR REQUEST SHOULD BE DENIED

The Franchisor Defendants appear to ask that the Court hold "in abeyance" Plaintiffs'

now fully-briefed motion for conditional certification while the parties conduct the first stage of

bifurcated discovery.  Franchisor Defs.' Br. at 13.  This request is perplexing, given that

Domino's already sought this exact same relief based on the same rationale, and the Court

already rejected Domino's application.  See Dkt. Nos. 124, 126, 130 ("the Franchisor Defendants

[] seek to stay the conditional certification motion pending the Court's determination as to

whether the Franchisor Defendants are "joint employers" . . . [f]or the reasons that follow, all

three [two other requests had been made by Defendants] are DENIED").  As such, we see no

reason to re-brief this issue.

---

[3]      See Gottlieb Decl., Ex. B.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the

Franchisor Defendants' cross-motion in its entirety.

Dated: June 30, 2016
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
David E. Gottlieb
Tanvir H. Rahman
Rita M. Lenane

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
dwigdor@wigdorlaw.com
trahman@wigdorlaw.com
rlenane@wigdorlaw.com

*Attorneys for Plaintiffs and the Proposed*
*FLSA Collective and NYLL Class*