

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco, Jr.
joseph.piesco@dlapiper.com
T  212.335.4537
F  917.778.8624

September 26, 2016

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Kucher, et al. v. Domino's Pizza, Inc., et al.,*
              **Case No.: 16-cv-2492 (AJN)**

Dear Judge Nathan:

      We represent Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (the "Franchisor Defendants"). We submit this letter, jointly with the New York Cookston Defendant franchisees, in response to Plaintiffs' September 22, 2016 letter requesting permission to file a sur-reply brief in further support of their motion for conditional certification of the putative FLSA collective (the "Motion"). (*See* ECF No. 178.) We respectfully request that Plaintiffs' application be denied.

      As the Court is aware, the Motion was briefed and fully submitted in June 2016 pursuant to Your Honor's June 8, 2016 Order; there is no reason to reopen it now simply because additional individuals have "opted-in" as plaintiffs. Plaintiffs had ample opportunity to submit whatever "evidence" (and make whatever arguments) they wanted in support of their Motion, and offer nothing to suggest that the additional evidence they wish to submit is anything different than what already has been submitted to the Court.[1] Simply stated, Plaintiffs made the strategic choice to file their Motion in the very early stages of this case, as opposed to waiting until a fully-developed record was created (for reasons we think quite obvious). Regardless, it cannot be the case that a plaintiff can continually seek to supplement his motion for conditional certification every time an individual consents to be a party to this action, lest such motions become a never-ending and burdensome process for both the litigants and the courts.

      In the event the Court grants Plaintiffs' application, Defendants respectfully request the opportunity to supplement their respective oppositions to the Motion to further oppose and/or refute whatever additional "evidence" Plaintiffs are permitted to submit to the Court.

---

[1] Plaintiffs' September 23 letter refers to additional proposed evidence to support "retaliation" claims; yet the Motion does not seek (nor could it) conditional certification of a "retaliation" claim relevant to Plaintiffs' proposed FLSA collective action claims. Indeed, Plaintiffs' Third Amended Complaint contains nothing more than individual claims of retaliation.

EAST\131525885.2



The Honorable Alison J. Nathan
September 26, 2016
Page 2

    We thank Your Honor for her attention to this matter, and will make ourselves available to the Court should a conference regarding Plaintiffs' request be desired.

                            Respectfully submitted,

                            Joseph A. Piesco, Jr.

cc: David E. Gottlieb (counsel for Plaintiffs)
    Robin B. Kallor (counsel for the New York Cookston Defendants)