UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIAD KUCHER, HAROON MOJUMDER and OMAR FARUK, on behalf of themselves and all other similarly-situated employees,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOMINO'S PIZZA, INC., DOMINO'S PIZZA LLC, DOMINO'S PIZZA FRANCHISING LLC, COOKSTON ENTERPRISES, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 16-cv-02492 (AJN) |
| MARCELO DE LOS SANTOS, SANDRO MAYORAL-CLIMICO, and AARON CRUZ AGUACATITLA, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HAT TRICK PIZZA, INC. d/b/a/ Domino's Pizza, *et al.*<br><br>　　　　　Defendants. | Case No. 1:16-cv-06274 (AJN) |

**DEFENDANTS DOMINO'S PIZZA, INC., DOMINO'S PIZZA LLC AND DOMINO'S PIZZA FRANCHISING LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION <u>TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(A)</u>**

**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for Defendants Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY...................................................................................................... 2

FACTUAL ALLEGATIONS AND CLAIMS COMMON TO THE ACTIONS........................... 3

ARGUMENT ............................................................................................................................ 6

   I.   Consolidation of the Kucher and De Los Santos
      Actions Is Proper and Warranted ................................................................................... 6

        A.   The Actions Involve Numerous Common
            Questions of Law and Fact ........................................................................... 8

        B.   Consolidation of the Actions Promotes
            Judicial Economy, Avoids Duplicative Efforts,
            and Eliminates the Risk of Inconsistent Judgments.................................... 9

CONCLUSION........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*City of N.Y. v. FedEx Ground Package Sys., Inc.*,
  No. 13 Civ. 9173 (ER), 2016 WL 1532252 (S.D.N.Y. Apr. 15, 2016) .................................7, 9

*Coultrip v. Pfizer, Inc.*,
  No. 06 Civ. 15200 (JCF), 2011 WL 1219365 (S.D.N.Y. Mar. 24, 2011) ..................................8

*Delvin v. Trans. Comm'cns Int'l Union*,
  175 F.3d 121 (2d Cir. 1999)......................................................................................................9

*Doe v. Village of Saugerties*,
  No. 07 Civ. 228 (GLS)(RFT), 2007 WL 1814682 (N.D.N.Y. June 18, 2007)..........................7

*Hatcher v. Augustus*,
  956 F. Supp. 387 (E.D.N.Y. 1997) ...........................................................................................1

*Jacobs v. Castillo*,
  No. 09 Civ. 953 (CM), 2009 WL 1203942 (S.D.N.Y. Apr. 23, 2009) ................................9, 10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................................7, 9

*Naula v. Rite Aid of N.Y.*,
  No. 08 Civ. 11364 (PGG), 2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010)......................8, 9, 10

*People of State of N.Y. v. Holiday Inns, Inc.*,
  No. 83 Civ. 564 (WMS), 1992 WL 532169 (W.D.N.Y. Aug. 28, 1992) ..................................1

*Pichardo v. Carmine's Broadway Feast Inc.*,
  No. 15 Civ. 03312 (RA)(SN), 2016 WL 4379421 (S.D.N.Y. June 13, 2016)...........................8

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997) ..............................................................................................7

*R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Capital Partners, Inc.*,
  634 Fed. App'x 4 (2d Cir. 2015)...............................................................................................8

*Singh v. 7-Eleven Inc.*,
  No. 05 Civ. 04534 (RMW), 2007 WL 715488 (N.D. Cal. Mar. 8, 2007) ................................1

*Varghese v. JP Morgan Chase & Co.*,
  No. 14 Civ. 1718 (PGG), 2016 WL 4718413 (S.D.N.Y. Sept. 9, 2016) ..................................8

**STATUTES, REGULATIONS AND OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................3

Fed. R. Civ. P. 42(a) .....................................................................................................1, 2, 7

Defendants Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (the "Franchisor Defendants") respectfully submit this memorandum of law in support of their motion for consolidation pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)").

## PRELIMINARY STATEMENT

Presently before the Court are two related cases, *Kucher, et al. v. Domino's Pizza, Inc., et al.*, 16 Civ. 2492 (AJN) (the "Kucher Action"), and *De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, No. 16 Civ. 6274 (AJN) (the "De Los Santos Action") (the Kucher Action and the De Los Santos Action, together, the "Actions"), which, for the reasons set forth herein, properly should be consolidated.[1] Both Actions allege substantially similar federal and state wage and hour claims against numerous Domino's franchises owned and operated by Defendant Robert Cookston in New York and Connecticut (collectively, the "Cookston Defendants") on behalf of nearly identical classes of current and former employees of the Cookston Defendants. In addition, the Plaintiffs in both Actions seek to hold the Franchisor Defendants liable for the Cookston Defendants' alleged wage violations on a theory of "joint employer" liability, which is premised on the Plaintiffs' assertions that certain "brand controls" allegedly required by the Franchisor Defendants somehow constitute direct or "functional control" over the Cookston Defendants' employees.[2]

---

[1] True and correct copies of exhibits submitted in support of the Motion are annexed to the declaration of Garrett D. Kennedy, dated November 4, 2016 (the "Kennedy Declaration"). Exhibit A to the Kennedy Declaration is plaintiffs' Third Amended Complaint in the Kucher Action (the "Kucher Compl.") and Exhibit B to the Kennedy Declaration is plaintiffs' Complaint in the De Los Santos Action (the "De Los Santos Compl.").

[2] As previously noted, including in the Franchisor Defendants' memorandum of law in support of bifurcation and in opposition to the Kucher Plaintiffs' motion for conditional certification (ECF No. 139), no court to date has held that the brand controls enforced by the Franchisor Defendants (or any other franchisor for that matter) are sufficient to create a "joint employer" relationship. *See, e.g., Singh v. 7-Eleven Inc.*, No. 05 Civ. 04534 (RMW), 2007 WL 715488, at *3-6 (N.D. Cal. Mar. 8, 2007) (franchisor's control of store hours, uniforms, food service, deliveries and ability to terminate franchise agreements, as well as ministerial control over payroll, insufficient to survive summary judgment); *Hatcher v. Augustus*, 956 F. Supp. 387, 392 (E.D.N.Y. 1997) (in Title VII context, franchisor was not "joint employer" where the franchisee retained power over day-to-day operations of his store); *People of State of N.Y. v. Holiday Inns, Inc.*, No. 83 Civ. 564 (WMS), 1992 WL 532169, at *2 (W.D.N.Y. Aug. 28, 1992) (in

As more fully set forth herein, consolidation of the Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is appropriate and warranted because the Actions involve: (i) the same parties; (ii) substantial overlap of purported classes; (iii) substantially similar allegations and legal claims, many of which are precisely the same, and each of which are asserted under the same statues, the New York Labor Law (the "NYLL") and the Fair Labor Standards Act (the "FLSA"); and (iv) substantially the same facts and legal questions. Moreover, consolidation will preserve judicial resources by avoiding significant duplication of effort, avoid redundant motion practice, and will eliminate the risk of inconsistent judgments, all without any risk of prejudice to Plaintiffs.

## PROCEDURAL HISTORY

The Kucher Action was filed on April 4, 2016. Pursuant to this Court's August 12, 2016 Scheduling Order (Kucher Action, ECF No. 162), discovery in the Kucher Action has been bifurcated, such that discovery currently is limited to whether the Franchisor Defendants can be held liable as a "joint employer." Upon the conclusion of such discovery, a briefing schedule will be set with respect to Domino's anticipated dispositive motion on the joint employer issue. Also pending before the Court are: (i) the Plaintiffs' motion for conditional certification of the FLSA collectives (Kucher Action, ECF No. 116); and (ii) the Cookston Defendants' motion to dismiss all claims against four Connecticut-based franchises based on lack of personal jurisdiction (Kucher Action, ECF No. 114).

The De Los Santos Action was filed on August 8, 2016, approximately four months after the Kucher Action was commenced. The De Los Santos Action initially was assigned to the Honorable Judge Richard J. Sullivan, United States District Court Judge for the Southern District

---

discrimination context, ability to terminate franchise relationship was insufficient to establish a "joint employer" relationship).

2

of New York. On October 11, 2016, the De Los Santos Action was transferred to this Court as a related case pursuant to Rule 13(d) of the Rules for the Division of Business Among District Judges. Like the Kucher Action, the Cookston Defendants have filed a motion to dismiss all claims against four Connecticut-based franchises for lack of personal jurisdiction. (De Los Santos Action, ECF No. 59.)

**FACTUAL ALLEGATIONS AND CLAIMS COMMON TO THE ACTIONS**

The De Los Santos Action involves claims and allegations that are substantially similar to, and subsumed by, the claims and allegations of the Kucher Action. Putting aside minor variations, the claims in both Actions boil down to three main causes of action: (1) failure to compensate employees in accordance with applicable minimum wage and overtime laws; (2) failure to reimburse employees for expenses; and (3) failure to provide various wage notices.

The putative class and collective which the named Plaintiffs in the De Los Santos Action seek to represent are a subset of the class(es) and collective(s) sought to be represented by the named Plaintiffs in the Kucher Action. Specifically, the proposed members of the putative class and collective in the De Los Santos Action include all "deliverymen" employed by the Cookston Defendants within the "last three (3) years, through the entry of judgment," with respect to the proposed FLSA collective (the "FLSA Collective"), and "six years before the filing of the Complaint" for the putative NYLL class under Fed. R. Civ. P. 23 (the "NYLL Class"). (De Los Santos Compl., ¶¶ 190, 192.) These classes are entirely subsumed by the putative classes and collectives in the Kucher Action, which include all Assistant Store Managers, Customer Service Representatives and ***Delivery Drivers*** employed "during the NYLL Class Period" and "FLSA Collective Period," which period of time is broader than – and fully encompasses – the same time period for claims alleged in the De Los Santos Action. (Kucher Compl., ¶¶ 139, 146.)

3

In addition, the De Los Santos Action names the same twenty-eight Defendants as the Kucher Action.³ Specifically, each purports to raise claims against the same Franchisor Defendants, and further purports to raise claims against the same franchisees, each of which is owned and operated by Robert Cookston, also a defendant in both Actions. (*Compare* Kucher Compl., ¶¶ 21-49 *with* De Los Santos Compl., ¶¶ 13-48.)

Both Actions also purport to assert the following identical wage and hour claims under state and federal law as they allege, *inter alia*:

- Plaintiffs and members of the FLSA Collective and NYLL Class were not compensated for hours worked off-the-clock (*compare* Kucher Compl., ¶¶ 170-75, 192-95, 204-08 *with* De Los Santos Compl., ¶¶ 219-23, 224-29);

- Plaintiffs and members of the FLSA Collective and NYLL Class were not paid at the prevailing minimum wage rate (*compare* Kucher Compl., ¶¶ 170-75, 181-86 *with* De Los Santos Compl., ¶¶ 219-35);

- Plaintiffs and members of the FLSA Collective and NYLL Class were not properly compensated for overtime hours (*compare* Kucher Compl., ¶¶ 176-80, 187-91 *with* De Los Santos Compl., ¶¶ 236-48 );

- Plaintiffs and members of the FLSA Collective and NYLL Class's gratuities were impermissibly retained (*compare* Kucher Compl., ¶¶ 170-175, 209-12 *with* De Los Santos Compl., ¶¶ 204-18); and

- Defendants failed to provide Plaintiffs and members of the NYLL Class with accurate wage statements (*compare* Kucher Compl., ¶¶ 213-16 *with* De Los Santos Compl., ¶¶ 263-66).

Moreover, in support of these claims, both Actions rely on overlapping factual allegations. Specifically, both Actions allege:

- Plaintiffs and members of the FSLA Collective and NYLL Class were forced to work off-the-clock (*compare* Kucher Compl., ¶¶ 89-91, 97 *with* De Los Santos Compl., ¶¶ 2, 3, 51, 88, 132);

---

³ The De Los Santos Action includes four additional named Defendants, Team East Hartford, LLC, AMS Pizza, LLC, Customers First of Connecticut, LLC, and MIRC, LLC, which were voluntarily dismissed by the Plaintiffs in the Kucher Action because they either were (a) not owned or operated by Mr. Cookston, or (b) closed outside the applicable period.

4

- Plaintiffs and members of the FLSA Collective and NYLL Class were forced to work off-the-clock and, as a result, were not paid at the prevailing minimum wage rate (*compare* Kucher Compl., ¶ 97 *with* De Los Santos Compl., ¶¶ 2-3, 190);

- Plaintiffs and members of the FLSA Collective and NYLL Class were forced to work off-the-clock and, as a result, were not paid overtime wages for work performed in excess of 40 hours a week (*compare* Kucher Compl., ¶ 98 *with* De Los Santos Compl., ¶¶ 82, 123, 163);

- Gratuities were improperly withheld from the Plaintiffs and members of the putative class (*compare* Kucher Compl., ¶¶ 103-05 *with* De Los Santos Compl., ¶¶ 2-3);

- The Cookston Defendants failed to provide accurate wage statements to Plaintiffs and members of the putative class (*compare* Kucher Compl., ¶¶ 110-13 *with* De Los Santos Compl., ¶¶ 117, 157, 185);

- Plaintiffs and members of the putative class were not reimbursed for uniform-related expenses (*compare* Kucher Compl., ¶¶ 114-16 *with* De Los Santos Compl., ¶¶ 62-62, 68);

- The (irrelevant) statements made and complaints filed by the New York State Attorney General's Office ("AG's Office") relating to Domino's and Domino's franchisees, including a 2014 settlement and a 2015 settlement between the AG's Office and Domino's franchisees (*compare* Kucher Compl., ¶¶ 4, 5 *with* De Los Santos Compl., ¶¶ 58, 59); and

- Three unrelated litigations involving the Cookston Defendants, *Alim v. Robert Cookston*, No. 10 Civ. 00870 (D. Conn. 2010), *Carderras v. 3411 Ossining*, No. 15 Civ. 04633 (S.D.N.Y. 2015), and *Munoz v. Sestwon Pizza LLC*, No. 15 Civ. 06833, (E.D.N.Y. 2015) (*compare* Kucher Compl., ¶ 9 *with* De Los Santos Compl., ¶ 60).

Critically, the De Los Santos Action even includes allegations related to Riad Kucher, one of the named Plaintiffs in the Kucher Action. (*See* De Los Santos Compl., ¶ 44.)

Furthermore, Plaintiffs in both Actions allege that the Franchisor Defendants are liable as "joint employers" based on certain minimum brand controls purportedly imposed by the Franchisor Defendants on the Cookston Defendants, and rely upon substantially the same allegations to support this theory of liability. In this regard, the Complaints in both Actions

5

include allegations that the Franchisor Defendants purportedly exercise control over franchisees by:

(i) "set[ting the] policies and procedures that must be followed by franchisees and their employees" (*compare* Kucher Compl., ¶ 55 *with* De Los Santos Compl., ¶ 49);

(ii) maintaining uniform requirements for franchisees' employees, including Domino's-branded shirts and hats (*compare* Kucher Compl., ¶ 114 *with* De Los Santos Compl., ¶¶ 50, 63-64);

(iii) controlling the inventory "supply chain" (*compare* Kucher Compl., ¶ 59 *with* De Los Santos Compl., ¶ 54);

(iv) directing "food preparation" (*compare* Kucher Compl., ¶ 58 *with* De Los Santos Compl., ¶ 54); and

(v) asserting control over the franchisees' payroll records (*compare* Kucher Compl., ¶ 58 *with* De Los Santos Compl., ¶ 54).

The Plaintiffs in both actions purport that the Franchisor Defendants require the Cookston Defendants to use the "PULSE point-of-sale system" to track franchisees' payroll and their employees' hours and wages, and further contend that the PULSE system allowed the Cookston Defendants to shave time from their employees' hours and to otherwise avoid paying the franchisees' employees in accordance with prevailing law. (*Compare* Kucher Compl., ¶¶ 63-64 *with* De Los Santos Compl., ¶¶ 50-52.)

Finally, the Plaintiffs in both Actions attempt to bolster their theory of "joint employer" liability by relying upon wholly unrelated litigations involving the Franchisor Defendants. (*Compare* Kucher Compl., ¶ 74 *with* De Los Santos Compl., ¶ 61.)

## ARGUMENT

### I. Consolidation of the Kucher and De Los Santos Actions Is Proper and Warranted

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation prevents unnecessary cost or delay in

adjudication. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Rule 42(a) provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). This Court has "broad discretion" to consolidate the Actions. *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Id*.

Consolidation of related actions is essentially the "default" where, "judicial economy is concerned." *Doe v. Village of Saugerties*, No. 07 Civ. 228 (GLS)(RFT), 2007 WL 1814682, at *2 (N.D.N.Y. June 18, 2007) (courts generally "default to consolidate actions where judicial economy is concerned."). In determining whether consolidation is appropriate, a court should consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1284-85 (internal citations omitted). Each of the foregoing factors overwhelmingly weighs in favor of consolidation.

In short, where, as here, "[t]he two cases concern the same plaintiffs, same defendant[s], and near-identical allegations" and "Plaintiffs seek the same form of relief for the same pattern of conduct on the part of [the defendants]," consolidation is appropriate. *City of N.Y. v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2016 WL 1532252, at *2 (S.D.N.Y. Apr. 15, 2016).

A. **The Actions Involve Numerous Common Questions of Law and Fact**

Consolidation of the Actions is appropriate in light of the "broadly overlapping factual and legal allegations in the plaintiffs' complaints." *Coultrip v. Pfizer, Inc.*, No. 06 Civ. 15200 (JCF), 2011 WL 1219365, at *3 (S.D.N.Y. Mar. 24, 2011) (consolidating three FLSA and state law wage and hour actions); *see also R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Capital Partners, Inc.*, 634 Fed. App'x 4, 6 (2d Cir. 2015) (affirming consolidation of actions involving "common question[s] of law or fact"). District Courts in the Second Circuit regularly consolidate class and collective actions raising state and federal law wage and hour claims on behalf of the same class of employees. *See, e.g., Varghese v. JP Morgan Chase & Co.*, No. 14 Civ. 1718 (PGG), 2016 WL 4718413 (S.D.N.Y. Sept. 9, 2016) (consolidating two class actions brought under the FLSA for wage and hour violations); *Pichardo v. Carmine's Broadway Feast Inc.,* No. 15 Civ. 03312 (RA)(SN), 2016 WL 4379421, at *12 (S.D.N.Y. June 13, 2016), *report and recommendation adopted*, No. 15 Civ. 3312 (RA), 2016 WL 5338551 (S.D.N.Y. Sept. 23, 2016) (consolidating three wage and hour actions separately brought against same defendants because actions raised common issues of law and fact); *Naula v. Rite Aid of N.Y.*, No. 08 Civ. 11364 (PGG), 2010 WL 2399364, at *5 (S.D.N.Y. Mar. 23, 2010) (consolidating duplicative wage and hour putative NYLL class and FLSA collective actions).

As noted above, it cannot seriously be disputed that the Actions contain very substantial overlap: the parties are the same; the allegations are substantially the same; the vast majority of the claims are the same; and the legal theories, including the Plaintiffs' joint employer argument, are precisely the same. Accordingly, consolidation of the Kucher and De Los Santos Actions is appropriate.

## B. Consolidation of the Actions Promotes Judicial Economy, Avoids Duplicative Efforts, and Eliminates the Risk of Inconsistent Judgments

Consolidation of the Actions, thereby requiring a single litigation process and, if necessary, a single trial, is in the interests of judicial economy and efficiency and minimizes the expense and burden upon all parties. Consolidation is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion" in cases involving common questions of law or fact. *Delvin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Moreover, consolidation promotes the interests of judicial economy. As aptly noted by one court: "Given the considerable overlap between the two cases, consolidation will prevent needless duplication, thus avoiding inefficiency, a waste of judicial resources, and possible confusion, as well as potentially inconsistent jury verdicts." *FedEx Ground Package Sys.*, 2016 WL 1532252, at *2.

Here, the Actions involve clearly overlapping putative class and collective federal and state wage and hour claims, and consolidation would serve the purposes of "avoiding duplication of judicial effort and vexatious litigation in multiple forums, achieving comprehensive disposition of this litigation, and eliminating the risk of inconsistent judgments." *Naula*, 2010 WL 2399364, at *5 (consolidating duplicative wage and hour putative class and collective actions under the NYLL and FLSA). Indeed, "because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law," consolidation of the Actions would "further the goal of judicial economy." *Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009).

Consolidation also will preserve the resources of the Court at every stage of litigation, save the parties considerable time and expense, and avoid the possibility of inconsistent findings.

This Court already has issued a Scheduling Order and bifurcated the joint employer issue in the Kucher Action. (Kucher Action, ECF No. 162.) Further, currently before the Court in the Kucher Action are (i) the Cookston Defendants' motion to dismiss all claims against the Connecticut-based franchises (Kucher Action, ECF No. 114), and (ii) the Plaintiffs' motion for conditional certification of the FLSA collective (Kucher Action, ECF No. 116). Because the claims in the De Los Santos Action are substantially the same as those in the Kucher Action, the Court's decisions with respect to these motions properly should apply to both Actions, and the Court easily can tailor its decisions to the extent any slight differences between the Actions need to be separately addressed. Similarly, the Court's Scheduling Order in the Kucher Action can be adapted for both Actions, to the extent necessary.

Suffice it to say, if the Actions are not consolidated, the Court will be needlessly burdened with the same motion to dismiss the Connecticut-based franchises, the same motion for conditional certification of the FLSA collective, the same motion to bifurcate discovery, and the same dispositive motion practice on the De Los Santos Plaintiffs' "joint employer" claims, all of which already have been, or will be, made in the Kucher Action. Simply stated, there is nothing unique to the De Los Santos Action which would require that separate actions be maintained.

Finally, as the parties, legal theories, allegations and claims are substantially the same in both Actions, trial in the Actions will cover the same facts and identical issues of law. *See Jacobs*, 2009 WL 1203942, at *3. Notably, the proposed class and collective in the De Los Santos Action is a subsumed by the proposed class and collective in the Kucher Action. Consolidation of the trials in the Actions, therefore, would prevent costly duplicative litigations and eliminate the risk of inconsistent judgments. *See, e.g., Naula*, 2010 WL 2399364, at *5.

Accordingly, the Actions should be consolidated into a single action, and all phases of the litigations, including discovery, motions practice and trial, properly should proceed in uniform fashion.

## CONCLUSION

For the foregoing reasons, the Franchisor Defendants respectfully request that this Court consolidate the related Kucher and De Los Santos Actions for all purposes, and issue such other relief as the Court deems necessary and proper.

Dated: New York, New York
November 4, 2016

**DLA PIPER LLP (US)**

By: /s/ Eric J. Wallach
  Eric J. Wallach
    (eric.wallach@dlapiper.com)
  Joseph A. Piesco, Jr.
    (joseph.piesco@dlapiper.com)
  Garrett D. Kennedy
    (garrett.kennedy@dlapiper.com)

1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501

*Attorneys for Defendants Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC*