

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
**T**  212.335.4537
**F**  212.335.4501

January 3, 2017

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Kucher, et al. v. Domino's Pizza, Inc., et al.*, **Case No. 16-cv-2492 (AJN)**
       *De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, **Case No. 16-cv-6274 (AJN)**

Dear Judge Nathan:

      We represent Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (the "Franchisor Defendants") in *Kucher, et al. v. Domino's Pizza, Inc., et al.*, No. 16-cv-2492 (the "Kucher Action"), and *De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, No. 16-cv-6274 (the "De Los Santos Action") (collectively, the "Actions"). We write with respect to the Court's Order, dated December 20, 2016, requesting a response to the De Los Santos Plaintiffs' request to stay pending resolution of the motion for conditional certification currently pending in the Kucher Action.

      For the reasons set forth below, the Franchisor Defendants respectfully submit that the De Los Santos Plaintiffs' application should be denied. At this juncture, there is no dispute that the Actions are substantially related, as both cases involve the same parties and the claims – including the claims that the Franchisor Defendants are liable as "joint employers" with the Cookston Defendant franchisees – substantially are the same. The Actions are ripe for consolidation, and doing so undoubtedly will conserve the Court's and the parties' time and resources.

      Respectfully, the De Los Santos Plaintiffs' position that their action should be stayed pending resolution of the Kucher Plaintiffs' motion for conditional certification is misplaced, as certification has no bearing on whether the Actions properly should be consolidated. If the motion is denied, the Actions necessarily will proceed on an individual claims basis (unless class or collective certification is later granted after discovery); if the motion is granted, then the De Los Santos Plaintiffs certainly can choose not to "opt-in" to the FLSA collective action claims in the Kucher Action, which certainly is their right. In either case, consolidation at this time will have no effect on the De Los Santos Plaintiffs' substantive rights.



The Honorable Alison J. Nathan
January 3, 2017
Page 2

The De Los Santos Plaintiffs indicate that should the Court grant conditional certification in the Kucher Action, they will pursue individual claims.  By this, we presume they would dismiss their Complaint and file individual claims.  Of course, even assuming such individual cases could be maintained separate and apart from the Kucher Action, and that the De Los Santos Plaintiffs do not opt-in to the Kucher Action's FLSA collective action claims (assuming certification were granted) and/or opt-out of its Rule 23 state law (*i.e.*, New York Labor Law) claims in the event class certification were granted in the future, their claims still are directly "related" to the Kucher Action.  Hence, the De Los Santos Plaintiffs' individual claims would remain before Your Honor and the Franchisor Defendants would seek to have those individual claims consolidated at least for purposes of discovery.

Bearing this in mind, the Franchisor Defendants believe the most prudent course of action is to consolidate the Actions now (assuming the De Los Santos Action is not dismissed outright), and for discovery and dispositive motion practice on the limited joint employer issue to proceed in accordance with the Court's bifurcated Scheduling Order.  (ECF No. 162.)  Alternatively, we would request the Court use its discretion to consolidate the Actions for the purpose of addressing the joint employer claim, which is identical in each case.  In such instance, the Kucher Action Scheduling Order would apply with equal force to the De Los Santos Plaintiffs, as would the Court's decision as to whether any basis exists to hold the Franchisor Defendants liable as a joint employer.  Proceeding in this manner makes sense since the same discovery will be applicable in both actions, and significant time and energy already has been spent conducting discovery with respect to the joint employer claim in the Kucher Action.

There is no logical basis to require the Franchisor Defendants (or the Cookston Defendants) to litigate the same joint employer claim more than once.  Moreover, since counsel for the De Los Santos Plaintiffs will be permitted to participate in litigation of the joint employer aspect of the case, no possible prejudice could result from consolidation of the Actions at this time.  On the other hand, proceeding separately would (i) require the Franchisor Defendants to litigate the same legal issue twice (or more); (ii) result in duplication of effort and require the Franchisor Defendants to incur entirely unnecessary costs and expenses; (iii) waste this Court's time and resources, as well as the time and resources of the other parties to the Actions; and (iv) have the possibility of inconsistent outcomes.

We thank the Court for its consideration in this matter.  We are available at the Court's convenience for a conference on these matters, if so required.

Respectfully submitted,

Joseph A. Piesco

cc:   David E. Gottlieb (counsel for the Kucher plaintiffs)
      John Troy (counsel for the De Los Santos plaintiffs)
      Robin B. Kallor (counsel for the Cookston Defendants)