USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: June 2, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                           :
In re DOMINO'S PIZZA INC.                                  :   THIS DOCUMENT RELATES TO: *Riad*
                                                           :   *Kucher, et al. v. Domino' Pizza Inc., et al.*,
                                                           :   16 Civ. 2492 (AJN)
---------------------------------------------------------- :
                                                           X

THIS DOCUMENT RELATES TO:                                  :
                                                           :
---------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

On February 13, 2017, the Court granted Plaintiffs' motion in the above-captioned case for conditional certification and court-authorized notice under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Dkt. No. 193 (hereafter "Feb. 13 Order"). The parties were ordered to meet and confer about the content and methods of dissemination of the proposed notice, as well as any related discovery requests. *See id.* at 22. On February 20, 2017, the parties submitted a joint letter describing their remaining disputes, and setting forth each party's position. Dkt. No. 194. On May 22, 2017, the Court issued an order resolving those disputes, and ordering the Plaintiffs to submit revised versions of the general notice form, consent form, text message notice, and workplace notification on or before May 25, 2017. Dkt. No. 213 (hereafter "May 22 Order"). On May 25, 2017, the Plaintiffs submitted the revised forms. Dkt. No. 216. In a separate letter, the Plaintiffs sought clarification as to an issue not raised by the parties in any previous correspondence with the Court: whether the putative collective conditionally certified by the Court in its February 13, 2017 Order – and by extension the

1

collective that may receive the notice – includes only individuals who worked at restaurants owned by Robert Cookston that are specifically named in the Third Amended Complaint's caption, or extends to all Domino's franchise restaurants owned by Mr. Cookston whether or not so named. *See* Dkt. No. 215. The Plaintiffs believe that this Court has authorized notice to go out to a collective including employees of these as-yet unnamed restaurants (referred to in the Third Amended Complaint as "Doe Corporations"). *Id.* The Cookston Defendants take a contrary position. Dkt. No. 220. The Court hereby clarifies its previous decisions: the conditionally certified collective includes individuals who worked at Domino's franchise locations owned by Robert Cookston in New York and Connecticut – including restaurants not explicitly named in the Third Amended Complaint.

## I. Legal Standard and Discussion

Federal Rule of Civil Procedure 60(a) "allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)); *see also Garamendi*, 683 F.3d at 1079 (holding that "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement"). Analysis of this Court's previous orders makes clear that Plaintiffs have properly interpreted them.

Several passages in the Court's February 13 order demonstrate that the Court conditionally certified a collective that included employees not only at the restaurants explicitly named in the Third Amended Complaint, but also unnamed Domino's franchise restaurants owned and

operated by Mr. Cookston. First, in defining the "Cookston Defendants" – a term used consistently in the order – the Court referred to not only New York and Connecticut restaurants explicitly named in the Third Amended Complaint, but also to the John Doe Corporations included in that complaint. *See* Feb. 13 Order at 2 ("The Cookston Defendants consist of a number of corporations located in New York State and Connecticut, which the Plaintiffs claim are each owned and operated by Robert Cookston, as well as Mr. Cookston himself." (citing Third Amended Complaint ¶¶ 23-49)); Third Amended Complaint ¶ 47 (stating that "Doe Corporations 1-50 are other Domino's entities owned and/or operated by Mr. Cookston which cannot currently be identified by name'). In the order more generally, the Court consistently asked whether the named plaintiffs were "similarly situated to employees at *all* of the Domino's franchises owned by Mr. Cookston," not merely those at the entities expressly named in the complaint. Feb. 13 Order at 11; *see also id.* ("[T]he Defendants argue that the Plaintiffs have failed to make a modest factual showing that the FLSA violations they claim to have experienced stemmed from a policy or practice at all of Mr. Cookston's restaurants. The Court disagrees."). In defining the collective in this manner, the Court's reasoning was consistent with the Plaintiffs' position in their brief seeking conditional certification. In their opening brief, Plaintiffs defined "Cookston Defendants" to include "Robert Cookston and the Domino's Franchises he owns and operates," and cited, *inter alia*, ¶ 46 of the Second Amended Complaint (addressing the Doe Corporations). Dkt. No. 117 at 2. The Plaintiffs also stated that "[a]s [they] understand, Mr. Cookston operates additional franchise locations beyond those named in this action, but Mr. Cookston's counsel has refused to identify those entities." *Id.* (citing ¶ 46 of the Second Amended Complaint). In short, in its February 13 Order, the Court did not limit the scope of the collective to individuals who worked at those restaurants whose names appeared in

the caption of the Third Amended Complaint – but included the Doe Corporations which also appear in that caption.

In the Court's May 22 Order, the Court again understood the scope of the collective to be so defined. Accordingly, the Court removed language from the collective that would be unduly limiting: the Court removed the words "identified below" from the first paragraph, *see* May 22 Order at II.A.2.i, the words "at the above-listed locations" from Section 5, *id.* II.A.2.vi, and the words "listed above" from Section 10, *id.* II.A.2.viii.

In arguing that the Court has not defined the collective to include employees at the unnamed restaurants, the Cookston Defendants argue, *inter alia*, that the Plaintiffs never sought to certify "a nationwide class." Dkt. No. 220 at 1. The Court agrees: the Plaintiffs were explicit that the scope of their collective was "geographically limited." Dkt. No. 145 at 8. The Court conditionally certified a collective including employees who worked at stores in New York and Connecticut: those stores, whether or not named in the Third Amended Complaint, are within the scope of the collective. To the degree that Mr. Cookston owns franchises outside of New York or Connecticut, those stores are not included in the collective.

The Cookston Defendants also suggest that the Plaintiffs are "attempt[ing] to circumvent the Federal Rules of Civil Procedure's pleading amendment and service by requirements by amending their complaint through the Opt-in Notice." Dkt. No. 220 at 1. This argument conflates two questions: whether the Plaintiffs may now, or in the future, add additional stores as defendants in this case, and whether the collective as certified includes employees at unnamed stores. In its February 13 Order, addressing a related question, the Court held that the Connecticut Defendants' motion to dismiss – however resolved – did not affect the scope of the collective. That was because, under the Plaintiff's theory of the case, "Cookston's employees

4

are similarly situated with respect to the same FLSA violation regardless of whether the Connecticut restaurants may be attached as defendants." Feb. 13 Order at 20-21. The same logic applies here: the proposed collective includes *employees* at stores named and unnamed in the Third Amended Complaint. The question of which stores are properly defendants in this case may ultimately be relevant to whether certain Plaintiffs can or cannot recover damages from those entities, should the Plaintiffs' other theories of liability fail – but it does not affect, at this stage, the scope of the conditionally-certified collective.

## II.   Conclusion

In conclusion, the Court hereby clarifies that the conditionally certified collective includes all Domino's franchises owned by Robert Cookston in New York and Connecticut. The Cookston Defendants will produce the names of these stores by June 8, 2017, and the Plaintiffs will add the stores to the current list included in Section 2 of the Proposed Notice. The revised notice provided at Dkt. No. 216 is otherwise approved, with one required revision. In Section 3, the beginning of the first sentence of paragraph two should read: "Mr. Kucher and Mr. Mojumder brought the federal wage-and-hour claims on behalf of themselves and on behalf of other similarly-situated . . . ."

SO ORDERED.

Dated: June ___2___, 2017
    New York, New York

ALISON J. NATHAN

United States District