

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
T  212.335.4537
F  212.335.4501

June 5, 2017

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  In re DOMINO'S PIZZA INC. THIS DOCUMENT RELATES TO:
*Kucher, et al. v. Domino's Pizza, Inc., et al.*, Case No. 16-cv-2492 (AJN)
*De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, Case No. 16-cv-6274 (AJN)

Dear Judge Nathan:

This firm represents Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (the "Franchisor Defendants") in the now-consolidated matters of *Kucher, et al. v. Domino's Pizza, Inc., et al.*, No. 16-cv-2492 ("*Kucher*"), and *De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, No. 16-cv-6274 ("*De Los Santos*") (collectively known as "In re Domino's Pizza Inc."). We write jointly with counsel for the Cookston Defendants in response to the May 31, 2017, letter from the De Los Santos Plaintiffs in which they "request clarification as to whether the two above matters are to be consolidated." (*De Los Santos*, ECF No. 107.)

As set forth below, no "clarification" of Your Honor's May 31st Order is needed or required, and the De Los Santos Plaintiffs' request (which, in reality, appears to be a request for reconsideration) properly should be denied.

The Court's May 18th Order is clear and unmistakable – these actions are to be consolidated for all purposes. Specifically, the Court held that the Franchisor Defendants' "request [to consolidate] is GRANTED." (*Kucher*, ECF No. 211.)  And the Franchisor Defendants' motion clearly sought consolidation of these actions for all purposes, including discovery and the application of the Court's bifurcation order. (*Id.*, ECF Nos. 181-83.)  We fail to see how Your Honor's Order possibly could be construed as being unclear or ambiguous in any way.

The Court's May 18th Order instructed the parties in detail precisely how consolidation would work, provided the parties with a consolidated caption to use in connection with all future filings, and further informed the parties that discovery on the joint-employer issue was to continue and to confer with Magistrate Judge Kevin Fox to fashion an appropriate discovery and



motion schedule with respect to same. (*Kucher*, ECF No. 211.) On that score, on May 31, 2017, Judge Fox issued an Order setting forth the discovery and briefing schedule for the consolidated actions. (*Id.*, ECF No. 219.) His Order made clear that the schedule he had previously established (*id.*, ECF No. 211) would govern "the completion of discovery and summary judgment motion practice related to the issue of joint liability" for both cases.

Finally, although we believe it hardly needs mentioning, there obviously is no conflict between the Court's consolidation Order and its May 18 Order permitting the De Los Santos Plaintiffs to file an Amended Complaint "without the collective and class allegations" (an Order the De Los Santos Plaintiffs did not properly follow, as they added a new party and new cause of action and did not withdraw against the certain defendants for which plaintiffs have conceded they never worked, and accordingly, the Cookston Defendants intend to file a motion to dismiss in response to the Amended Complaint on this and other grounds). (*De Los Santos*, ECF No. 101.) All this means is that the De Los Santos Plaintiffs are entitled to pursue their claims separate from the collective. However, to the extent they still wish to pursue those claims against the Franchisor Defendants, all discovery and motion practice with respect to same must be conducted within the confines and construct of the now-consolidated actions.

We thank the Court for its consideration in this matter. We are available at the Court's convenience for a conference on these matters, if so required.

Respectfully submitted,

Joseph A. Piesco

cc: David E. Gottlieb (counsel for the Kucher plaintiffs)
John Troy (counsel for the De Los Santos plaintiffs)
Robin B. Kallor (counsel for the Cookston Defendants)