

750 Main Street | Suite 606
Hartford, Connecticut 06103
Tel 860-748-4660 | Fax 860-241-1547

ROBIN B. KALLOR
860-748-4653
Rkallor@fordharrison.com

July 12, 2017

**Via ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 906
New York, New York 10007

    Re:  In re Domino's Pizza, Inc., No. 16-cv-02492 (AJN)
        This document relates to: Kucher, et al. v. Domino's Pizza, et al.

Dear Judge Nathan:

    This office is legal counsel to the Cookston Defendants in connection with the above-referenced matter.  We are writing regarding an issue that arose while the Cookston Defendants were compiling the collective action list for Plaintiffs' counsel to use to send the FLSA collective action notice which was approved by this Court.  Specifically, the Cookston Defendants contend that general managers who worked for the Cookston Defendants or any of Mr. Cookston's remaining stores should be excluded from the class list, even if they worked in a putative class capacity during the relevant period due to the inherent and unresolvable conflicts of interest.  Counsel for Plaintiffs disagrees.  The Cookston Defendants have provided the disputed general managers' contact information to the Plaintiffs as a sign of good faith, but have requested that they hold this information in abeyance and not send out the notice until the issue can be resolved by Your Honor.  The Plaintiffs have refused to hold these names in abeyance, although they have indicated that the notices are not ready to send because they have not been fully translated.  The Cookston Defendants have attempted to resolve this issue with Plaintiffs' counsel in an effort to avoid judicial intervention, but Plaintiffs' counsel has indicated that they are not willing to discuss it further, stating that they will "address all conflicts of interest issues if any of these individuals opt-in."  There are eighteen individuals on this list of managers or former managers, of the approximately 3,000 individuals in the putative class.

**Existence of Conflict of Interest**

    As the Court is aware, immediately after Plaintiffs filed their complaint, they filed a temporary restraining order because of alleged misconduct by certain general managers.  While denying any wrongdoing, the Cookston Defendants agreed that the Cookston Defendants' general managers would be restricted from certain communications with putative class members. Some of these general managers who are restricted from communicating with putative class members are individuals Plaintiffs seek to include on the class list.  Plaintiffs have acted adversely against these managers in the same action.  Counsel cannot seek to represent these managers after having taken adverse legal action against them in the same lawsuit.

The Honorable Alison Nathan, U.S.D.J.
July 12, 2017

Further, the gravamen of the Plaintiffs' claims involve allegations of off the clock work. General managers are responsible for oversight of these stores.  Therefore, if Plaintiffs' position is accepted, Plaintiffs and other opt-in class members will need to cross examine members of their own putative class – the general managers – in order to prove their case.

Finally, during ESI discovery, it was communicated to Plaintiffs' counsel that there is no company-wide e-mail server for the Cookston Defendants.  Rather, to the extent communications are e-mailed, general managers utilize their personal email accounts. Therefore, the parties agreed to collect and search the e-mails of Mr. Cookston, Mr. O'Neill, the Director of Operations, the area supervisors and the general managers who were employed as general managers at one of the Cookston Defendants at the time of the collection.  The Cookston Defendants hired a vendor to extract e-mails from the general managers' personal e-mail accounts to which we then applied search terms in order to narrow the e-mail set to those related to this lawsuit.  As the Court is aware, a bulk of the ESI related to phase one of discovery has been disclosed.  Accordingly, the Cookston Defendants have already collected and searched the personal e-mails of some of these individuals Plaintiffs seek to include on the class list.

By virtue of Plaintiffs' counsel's agreement as to custodial e-mail list and the stipulated agreement that these general managers not discuss the case with putative class members, Plaintiffs have conceded that these individuals' interests are adverse to the interests of the remainder of the putative class members. These inherent conflicts would only be exacerbated by Plaintiffs' "wait and see" approach, as once any of these individuals opt into this action, the attorney-client relationship attaches, as does the complete duty of loyalty to all Plaintiffs and opt-in Plaintiffs, which will be impossible.  *See e.g., Baas v. Dollar Tree,* 2008 WL 906496 (2008 N.D. Cal.) (counsel's representation of a manager of the store in which named plaintiffs worked in another lawsuit against Dollar Tree created a conflict of interest).

**Inclusion of the Managers in the Class Necessitates Disqualification of Plaintiffs' Counsel**

Rule 1.7(a)(1) of the New York Rules of Professional Responsibility provides that a lawyer shall not represent a client if a reasonable lawyer would conclude that the representation will involve the lawyer in representing differing interests.

Federal courts have the inherent power to disqualify attorneys in order to "preserve the integrity of the adversarial process."  *Hempstead Video, Inc. v. Village of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005).  The Second Circuit has held that disqualification is merited if an attorney's concurrent representation of two clients undermines the court's confidence in the attorney's loyalty to his clients or where the attorney is actually or potentially in a position to use privileged information gained from a former client to the advantage of a current client." *Bd. Of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC,* 542 F. Supp.2d 296 (S.D.N.Y. 2008).  Additionally, *Cinema 5 Ltd v. Cinerama, Inc.,* 528 F.2d 1384, 1387 (2d Cir. 1986) held that where the attorney-client relationship is a continuing one, adverse representations are *prima facie* improper.

In this case, counsel for the Plaintiffs would be representing employees who are clearly adverse to one another in the same case and they would be required to cross examine his own clients on substantive matters involving this litigation, where Plaintiffs have conceded that

The Honorable Alison Nathan, U.S.D.J.
July 12, 2017

general managers are adverse by virtue of the TRO filing, the resolution of that filing and the requested e-mail custodial list.  Accordingly, it's difficult to imagine that a more significant conflict of interest could exist.

     Given the seriousness of these concerns and the likelihood that they will become issues as soon as an opt-in notice is filed by one of these individuals, the Cookston Defendants wish to raise these issues now as opposed to waiting to file a motion to disqualify in the future.  In the interim, we request that the Plaintiffs be precluded from sending out the notice to these general managers until after this Court considers this issue.

     We appreciate the Court's time and attention to this matter.

                                    Respectfully submitted,

                                    *Robin B. Kallor*

                                    Robin B. Kallor

RBK/ktb

cc:  Counsel of record – via ECF

WSACTIVELLP:9248825.2