

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
T  212.335.4537
F  212.335.4501

September 25, 2017

**VIA ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: **In re DOMINO'S PIZZA INC. THIS DOCUMENT RELATES TO:**
   *Kucher, et al. v. Domino's Pizza, Inc., et al.*, **Case No. 16-cv-2492 (AJN)(KNF)**
   *De Los Santos, et al. v. Hat Trick Pizza, Inc., et al.*, **Case No. 16-cv-6274 (AJN)(KNF)**

Dear Judge Fox:

We represent Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (the "Franchisor Defendants") in the above-referenced matters.

We write to respectfully request a conference to address the Franchisor Defendants' anticipated motion for a protective order limiting the scope of discovery in connection with future depositions in this action. As detailed below, at each deposition to date plaintiffs' counsel has spent a significant amount of time on numerous irrelevant topics, most of which involve issues well outside the scope of discovery (and, indeed, the applicable limitations period) relating to the narrow issue of joint employer liability. The next deponent is scheduled for September 29, 2017 and, if possible, we would appreciate a conference with Your Honor in advance thereof to address appropriate limitations on the scope of same.

By way of background, plaintiffs instituted this action against the Franchisor Defendants and more than thirty Domino's franchises that are owned and operated by the Cookston Defendants. The plaintiffs, former employees of the Cookston Defendants, assert various wage and hour claims under the New York Labor Law and the Fair Labor Standards Act, and further seek to represent a putative class of current and former Cookston employees throughout New York State.

The Franchisor Defendants were dragged into this case on the (faulty) premise that they are "joint employers" with the Cookston Defendants. Under this theory, plaintiffs must demonstrate that the Franchisor Defendants exercised "formal" or "functional" control over the Cookston Defendants' employees such that the Franchisor Defendants were essentially their employers. *See, e.g., Jean-Louis v. Metro. Cable Commc'ns, Inc.*, 838 F. Supp. 2d 111, 122

The Honorable Kevin N. Fox
September 25, 2017
Page 2

(S.D.N.Y. 2011). Recognizing the dispositive nature of this narrow claim, the Court bifurcated this action to preliminarily resolve the "joint employer" issue. Discovery in this initial phase of the proceedings ends on September 29, 2017. (ECF No. 204).

To date, plaintiffs have taken depositions of Mr. Cookston, one of his General Managers, and Kimberly Ridge, a current employee of the Franchisor Defendants who appeared personally and as the Franchisor Defendants' Rule 30(b)(6) witness. In each, rather than focus on the narrow issue at hand – whether the Franchisor Defendants "jointly employed" plaintiffs and the putative class members during the relevant limitations period, *i.e.* April 4, 2010 to present – plaintiffs' counsel has spent hours harassing deponents with entirely irrelevant lines of questioning relating to franchises owned by different persons, located in different jurisdictions, involving employees who are not members of the putative class, and incidents occurring years before the applicable statutory period. To give a few examples (but by no means an exhaustive list), plaintiffs' counsel has inquired extensively about:

- What role the Franchisor Defendants' played in handling an incident concerning a YouTube video posted by an employee of a different franchisee in North Carolina years before the statutory period;

- Whether other franchisees ever had their franchise agreements terminated, and for what reasons;

- Whether a different franchisee ever was instructed to remove a tip jar from the counter in his store;

- Whether the Franchisor Defendants instructed another franchisee to hire a specific employee (they did not);

- The content of meetings between other franchisees and employees of the Franchisor Defendants;

- If other franchisees experienced ramifications for failing to comply with operational standards, and the ramifications for same; and

- If the Franchisor Defendants *ever* advised any franchisee at any time on any to staffing-related matter.

In short, plaintiffs' counsel has spent countless hours inquiring about matters which do not and cannot have anything to do with this case. The operative question here is simple and straightforward: did the Franchisor Defendants, *during the statutory period*, exert sufficient, regular control over the employees of any of the Cookston Defendants' franchises (each of which is a separately incorporated business entity) such that the Franchisor Defendants can be deemed their "employer"? The Franchisor Defendants' interactions with *other* franchisees, or interactions and events that transpired prior to the statutory limitations period, are completely irrelevant.

The Honorable Kevin N. Fox<br>
September 25, 2017<br>
Page 3

In light of the foregoing, the Franchisor Defendants respectfully request a conference in advance of the deposition scheduled for September 29, 2017, and the issuance of a protective order limiting the scope of future depositions to the relationship between the Franchisor Defendants and the Cookston Defendants' employees during the statutory period.

We thank Your Honor for his attention to this matter. We are available to address these matters at the Court's convenience.

Respectfully submitted,

Joseph A. Piesco

cc: David E. Gottlieb (counsel for the Kucher plaintiffs)
John Troy (counsel for the De Los Santos plaintiffs)
Robin B. Kallor (counsel for the Cookston Defendants)