# Exhibit 15

## Part 1 of 12

## DECLARATION

I, Ryan Moriarty, am a Insider at 3361 Monroe Pizza, LLC, a franchised Domino's®
store located at 791 NY-17M, Monroe, New York 10950. This declaration is based on my
personal knowledge, unless otherwise indicated.

1. I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-
2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former
employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they
were not properly paid as required by law. I further understand that on February 13, 2017 the
court presiding over these lawsuits conditionally certified a collective action for claims brought
under the Fair Labor Standards Act. I further understand that the Plaintiffs claim that they were
jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc.,
Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same
time.

2. My current employer is 3361 Monroe Pizza, LLC, and I do not believe that
Domino's ever was my "employer." I was hired by 3361 Monroe Pizza, LLC in January 2016,
not by Domino's. I also previously worked for this store in about 2014 or 2015. I applied
directly to 3361 Monroe Pizza, LLC, not Domino's, and I interviewed with Lee who was an
employee at 3361 Monroe Pizza, LLC. I never met with or spoke to anyone from Domino's in
connection with my hiring.

3. The only people who supervise me are employees of 3361 Monroe Pizza, LLC.
On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my
schedule, give me performance feedback, and control all other aspects of my employment. My
supervisors also set the rules at work and discipline employees for any misconduct.

1

FranchisorDefs-00020984

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3361 Monroe Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3361 Monroe Pizza, LLC, not Domino's.

5.      I have always worked at or from 3361 Monroe Pizza, LLC's restaurant, and I use 3361 Monroe Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties. I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3361 Monroe Pizza, LLC, and not any employees of Domino's. I have never met or interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3361 Monroe Pizza, LLC. I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _Ryan Moriarty_

Printed Name: _Ryan Moriarty_

Date: _2/16/17_

2

FranchisorDefs-00020985

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me.  I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3361 Monroe Pizza, LLC.  You have further explained, and I understand, that you do not represent the Franchisees.  You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.  You have further explained, and I understand, that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations.  You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer."  You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees.  I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview.  You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing.  You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs.  I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason.  I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _[signature]_

Printed Name: Ryan Moriarty

Date: 2/16/18

1

FranchisorDefs-00020986

## DECLARATION

I, Kevin Ross, am a Delivery Expert at 3361 Monroe Pizza, LLC, a franchised Domino's® store located at 711 NY-17M, Monroe, New York 10950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.     I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that on February 13, 2017, a court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.     My current employer is 3361 Monroe Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3361 Monroe Pizza, LLC in February, 2016, not by Domino's. I applied directly to 3361 Monroe Pizza, LLC, not Domino's, and I interviewed with Dave, who was an employee at 3361 Monroe Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.     The only people who supervise me are employees of 3361 Monroe Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

4. My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3361 Monroe Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3361 Monroe Pizza, LLC, not Domino's.

5. I have always worked at or from 3361 Monroe Pizza, LLC's restaurant, and I use 3361 Monroe Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties. I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6. I only work with employees of 3361 Monroe Pizza, LLC, and not any employees of Domino's. I have never met or interacted with any employees of Domino's.

7. To my knowledge, Domino's has had no involvement in any aspect of my employment with 3361 Monroe Pizza, LLC. I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: Kevin J. Ross

Date: 2/24/2017

FranchisorDefs-00020988

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3361 Monroe Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _Kevin J. Ross_

Date: _2/24/2017_

FranchisorDefs-00020989

## DECLARATION

I, Pegasus Colwell, am a Delivery Expert at 3469 Mastic Pizza, LLC, a franchised Domino's® store located at 1265 Montauk Hwy D. Mastic, New York 11950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.    I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.    My current employer is 3469 Mastic Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3469 Mastic Pizza, LLC in October 2014, not by Domino's. I applied directly to 3469 Mastic Pizza, LLC, not Domino's, and I interviewed with Arshad Kahn, who is an employee, the General Manager at 3469 Mastic Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.    The only people who supervise me are employees of 3469 Mastic Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.    My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3469 Mastic Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3469 Mastic Pizza, LLC, not Domino's.

1

FranchisorDefs-00020990

5.     I have always worked at or from 3469 Mastic Pizza, LLC's restaurant, and I use 3469 Mastic Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.     I only work with employees of 3469 Mastic Pizza, LLC, and not any employees of Domino's.  My interaction with Domino's employees has been limited to one store inspection, which was brief.  None of these inspectors have ever given me instructions about how I should perform my duties.

7.     To my knowledge, Domino's has had no involvement in any aspect of my employment with 3469 Mastic Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name:  PEGASUS COWELL

Date:  _____2/7/17_____

FranchisorDefs-00020991

<u>**Statement and Acknowledgment**</u>

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3469 Mastic Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: PEGASUS COUXU

Date: 2|7|17

FranchisorDefs-00020992

## DECLARATION

I, Matthew Rose, am a Delivery Expert at 3361 Monroe Pizza, LLC, a franchised Domino's® store located at 791 NY-17M, Monroe, New York 10950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3361 Monroe Pizza, LLC, and I do not believe that Domino's is my "employer." I was hired by 3361 Monroe Pizza, LLC in November 2016, not by Domino's. I applied directly to 3361 Monroe Pizza, LLC, not Domino's, and I interviewed with Dave who was an employee at 3361 Monroe Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3361 Monroe Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

Confidential

4.     My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3361 Monroe Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3361 Monroe Pizza, LLC, not Domino's.

5.     I have always worked at or from 3361 Monroe Pizza, LLC's restaurant, and I use 3361 Monroe Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties. I have never worked for any other franchisees. I worked for a Domino's corporate store from about June of 2015 to June of 2016.

6.     While working at 3361 Monroe Pizza, LLC, I only work with employees of 3361 Monroe Pizza, LLC, and not any employees of Domino's. To my knowledge, while working at 3361 Monroe Pizza, LLC I have never met or interacted with any employees of Domino's.

7.     To my knowledge, Domino's has had no involvement in any aspect of my employment with 3361 Monroe Pizza, LLC. I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By:     _____

Printed Name: _Matthew Rose_

Date:     _2/16/2017_

2

FranchisorDefs-00020994

## **Statement and Acknowledgment**

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3361 Monroe Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action. You have further explained, and I understand, that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _Matthew Rose_

Date: _2/16/2017_

1

Confidential

FranchisorDefs-00020995

## DECLARATION

I, Stephan Larkin, am a Delivery Driver at 3469 Mastic Pizza, LLC, a franchised Domino's® store located at 1265 Montauk Hwy D. Mastic, New York 11950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3469 Mastic Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3469 Mastic Pizza, LLC in April 2015, not by Domino's. I also previously worked for 3469 Mastic Pizza, LLC in 2009 – 2010. I applied directly to 3469 Mastic Pizza, LLC, not Domino's, and I interviewed with Arshad Khan who is an employee, the General Manager, at 3469 Mastic Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3469 Mastic Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

FranchisorDefs-00020996

4.     My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3469 Mastic Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3469 Mastic Pizza, LLC, not Domino's.

5.     I have always worked at or from 3469 Mastic Pizza, LLC's restaurant, and I use 3469 Mastic Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.     I only work with employees of 3469 Mastic Pizza, LLC, and not any employees of Domino's.  My interaction with Domino's employees, has been solely with respect to 2 pr 3 store inspections, which are brief and infrequent.  None of these inspectors have ever given me instructions about how I should perform my duties.

7.     To my knowledge, Domino's has had no involvement in any aspect of my employment with 3469 Mastic Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: Stephan Laikin

Date: 2-7-18

2

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3469 Mastic Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: Stephan Caikin

Date: 2-7-17

Confidential

**DECLARATION**

I, Rodney Parker, am an Assistant Manager at 3469 Mastic Pizza, LLC, a franchised Domino's® store located at 1265 Montauk Hwy D. Mastic, New York 11950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.     I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.     My current employer is 3469 Mastic Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3469 Mastic Pizza, LLC in December 12, 2012, not by Domino's. I applied directly to 3469 Mastic Pizza, LLC, not Domino's, and I interviewed with and was hired by Arshad Khan, who is an employee at 3469 Mastic Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.     The only people who supervise me are employees of 3469 Mastic Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.     My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3469 Mastic Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3469 Mastic Pizza, LLC, not Domino's.

1

Confidential

5.    I have always worked at or from 3469 Mastic Pizza, LLC's restaurant, and I use 3469 Mastic Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties. I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.    I only work with employees of 3469 Mastic Pizza, LLC, and not any employees of Domino's. I have never interacted with any employees of Domino's.

7.    To my knowledge, Domino's has had no involvement in any aspect of my employment with 3469 Mastic Pizza, LLC. I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: *Rodney Parker*

Date: *2/8/17*

2

FranchisorDefs-00021000

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3469 Mastic Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _Rodney Parker_

Date: _2/8/17_

**DECLARATION**

I, Justin Zernit, am a Delivery Expert at 3469 Mastic Pizza, LLC, a franchised Domino's® store located at 1265 Montauk Hwy D. Mastic, New York 11950. This declaration is based on my personal knowledge, unless otherwise indicated.

1.        I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.        My current employer is 3469 Mastic Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3469 Mastic Pizza, LLC in approximately August 2016, not by Domino's. I applied directly to 3469 Mastic Pizza, LLC, not Domino's, and I interviewed with Arshad Khan, who is an employee at 3469 Mastic Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.        The only people who supervise me are employees of 3469 Mastic Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.        My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3469 Mastic Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3469 Mastic Pizza, LLC, not Domino's.

1

FranchisorDefs-00021002

5.      I have always worked at or from 3469 Mastic Pizza, LLC's restaurant, and I use 3469 Mastic Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3469 Mastic Pizza, LLC, and not any employees of Domino's.  I have never interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3469 Mastic Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.


By:      _____

Printed Name:  _Justin Zernt_

Date:   _2/7/17_


2

FranchisorDefs-00021003

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3469 Mastic Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _Justin Leont_

Date: _2/7/17_

# DECLARATION

I, Ryan Gennaro, am a Delivery Expert at 3489 Riverhead Pizza, LLC., a franchised Domino's® store located at 158 Old Country Road, Riverhead, New York, 11901. This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3489 Riverhead Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3489 Riverhead Pizza, LLC in June 2016, not by Domino's. I applied directly to 3489 Riverhead Pizza, LLC, not Domino's, and I interviewed with Sammy Samudio, who is an employee, the General Manager, at 3489 Riverhead Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3489 Riverhead Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

FranchisorDefs-00021005

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3489 Riverhead Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3489 Riverhead Pizza, LLC, not Domino's.

5.      I have always worked at or from 3489 Riverhead Pizza, LLC's restaurant, and I use 3489 Riverhead Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3489 Riverhead Pizza, LLC, and not any employees of Domino's.  I have never interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3489 Riverhead Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: _Ryan Gennaro_

Date: _02/07/2017_

2

FranchisorDefs-00021006

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3489 Riverhead Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _Ryan Gennaro_

Date: _02/07/2017_

FranchisorDefs-00021007

## DECLARATION

I, Thomas Giordano, am a Delivery Expert at 3441 Ossining Pizza, LLC, a franchised Domino's® store located at 189 South Highland Avenue, Ossining, New York 10562. This declaration is based on my personal knowledge, unless otherwise indicated.

1. I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2. My current employer is 3441 Ossining Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3441 Ossining Pizza, LLC in July, 2016, not by Domino's. I applied directly to 3441 Ossining Pizza, LLC, not Domino's, and I interviewed with Rayan, who is an employee at 3441 Ossining Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3. The only people who supervise me are employees of 3441 Ossining Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

FranchisorDefs-00021008

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3441 Ossining Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3441 Ossining Pizza, LLC, not Domino's.

5.      I have always worked at or from 3441 Ossining Pizza, LLC's restaurant, and I use 3441 Ossining Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3441 Ossining Pizza, LLC, and not any employees of Domino's.  I have never met or interacted with any employees of Domino's.  None of these inspectors have ever given me instructions about how I should perform my duties.]

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3441 Ossining Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By:  _Thomas Giordano_

Printed Name: _Thomas Giordano_

Date:  _2/16/2017_

2

FranchisorDefs-00021009

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3441 Ossining Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action. You have further explained, and I understand, that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _Thomas White_

Printed Name: _Thomas Gioidino_

Date: _2/16/2017_

1

FranchisorDefs-00021010

## DECLARATION

I, Xiomara Perez am a CSR at 3489 Riverhead Pizza, LLC., a franchised Domino's®
store located at 158 Old Country Road, Riverhead, New York, 11901. This declaration is based
on my personal knowledge, unless otherwise indicated.

1.     I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-
2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former
employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they
were not properly paid as required by law. I further understand that the Plaintiffs claim that they
were jointly employed both by the franchisee for whom they worked and by Domino's Pizza,
Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the
same time.

2.     My current employer is 3489 Riverhead Pizza, LLC, and I do not believe that
Domino's ever was my "employer." I was hired by 3489 Riverhead Pizza, LLC in December
2016, not by Domino's. I applied directly to 3489 Riverhead Pizza, LLC, not Domino's, and I
interviewed with Sammy Samudio, who is an employee at 3489 Riverhead Pizza, LLC. I never
met with or spoke to anyone from Domino's in connection with my hiring.

3.     The only people who supervise me are employees of 3489 Riverhead Pizza, LLC.
On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my
schedule, give me performance feedback, and control all other aspects of my employment. My
supervisors also set the rules at work and discipline employees for any misconduct.

4.     My supervisors also are responsible for setting my salary, as well as giving me
pay increases. Similarly, 3489 Riverhead Pizza, LLC is responsible for paying my wages, and
each of my paychecks comes from 3489 Riverhead Pizza, LLC, not Domino's.

1

5.       I have always worked at or from 3489 Riverhead Pizza, LLC's restaurant, and I use 3489 Riverhead Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.       I only work with employees of 3489 Riverhead Pizza, LLC, and not any employees of Domino's.  I have never interacted with any employees of Domino's.

7.       To my knowledge, Domino's has had no involvement in any aspect of my employment with 3489 Riverhead Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.


By:  _____

Printed Name:  Xiomara Pérez

Date:  02/08

2

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me.  I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3489 Riverhead Pizza, LLC.  You have further explained, and I understand, that you do not represent the Franchisees.  You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations.  You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer."  You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees.  I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview.  You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing.  You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs.  I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason.  I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: Yiomara Perez

Date: 02/08 _____

## DECLARATION

I, Abdul Malek, am a Delivery Expert at 3694 Lower East Side Pizza, LLC, a franchised Domino's® store located at 205 Allen Street, New York, New York 10002. This declaration is based on my personal knowledge, unless otherwise indicated.

1. I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2. My current employer is 3694 Lower East Side Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3694 Lower East Side Pizza, LLC four months ago, in 2016, not by Domino's. I applied directly to 3694 Lower East Side Pizza, LLC, not Domino's, and I interviewed with Shipon Mohammed, who is an employee at 3694 Lower East Side Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3. The only people who supervise me are employees of 3694 Lower East Side Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3694 Lower East Side Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3694 Lower East Side Pizza, LLC, not Domino's.

5.      I have always worked at or from 3694 Lower East Side Pizza, LLC's restaurant, and I use 3694 Lower East Side Pizza, LLC's tools to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3694 Lower East Side Pizza, LLC, and not any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3694 Lower East Side Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.


By:     _____

Printed Name:  ABDUL MALEK

Date:   02/07/2017

FranchisorDefs-00021066

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3694 Lower East Side Pizza, LLC, located at 205 Allen Street, New York, New York 10002. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: ABDUL MALEK

Date: 09/07/2018

FranchisorDefs-00021067

## DECLARATION

I, Mohammed Uddin, am a Delivery Expert at 3694 Lower East Side Pizza, LLC, a franchised Domino's® store located at 205 Allen Street, New York, New York 10002. This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3694 Lower East Side Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3694 Lower East Side Pizza, LLC in May, 2015, not by Domino's. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3694 Lower East Side Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3694 Lower East Side Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3694 Lower East Side Pizza, LLC, not Domino's.

1

FranchisorDefs-00021059

5.      I have always worked at or from 3694 Lower East Side Pizza, LLC's restaurant, and I use 3694 Lower East Side Pizza, LLC's tools to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3694 Lower East Side Pizza, LLC, and not any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3694 Lower East Side Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: MOHAMMAED J. UDDIN

Date: 02-07-2017

FranchisorDefs-00021060

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me.  I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3694 Lower East Side Pizza, LLC, located at 205 Allen Street, New York, New York 10002.  You have further explained, and I understand, that you do not represent the Franchisees.  You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations.  You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer."  You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees.  I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview.  You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing.  You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs.  I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason.  I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _MOHAMMAED J. UDDIN_

Date: _02-07-2017_

## DECLARATION

I, Motasem Esaefan, am a Delivery Driver at 117 Mineola Ave., LLC, a franchised Domino's® store located at 117 Mineola Avenue, Roslyn Heights, New York 11577. This declaration is based on my personal knowledge, unless otherwise indicated.

1. I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2. My current employer is 117 Mineola Ave., LLC, and I do not believe that Domino's ever was my "employer." I was hired by 117 Mineola Ave., LLC in about March 2015, not by Domino's. I applied directly to 117 Mineola Ave., LLC, not Domino's, and I interviewed with an employee at 117 Mineola Ave., LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3. The only people who supervise me are employees of 117 Mineola Ave., LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4. My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 117 Mineola Ave., LLC is responsible for paying my wages, and each of my paychecks comes from 117 Mineola Ave., LLC, not Domino's.

1

FranchisorDefs-00021020

5.      I have always worked at or from 117 Mineola Ave., LLC's restaurant, and I use 117 Mineola Ave., LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I also worked for two other Domino's franchised stores, which were located in Carle Place and Levittown New York.  I have never worked for Domino's or any of its corporate stores.

6.      I only work with employees of 117 Mineola Ave., LLC (and employees of the Carl Place and Levittown stores while I was working at those locations), and not any employees of Domino's.  I have never met or interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 117 Mineola Ave., LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: _Molasem Esuelan_

Date: _02/10/17_____

2

Confidential

FranchisorDefs-00021021

### Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me.  I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 117 Mineola Ave., LLC.  You have further explained, and I understand, that you do not represent the Franchisees.  You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations.  You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer."  You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees.  I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview.  You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing.  You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs.  I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason.  I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _Madsue M Rock_

Printed Name: _Matasam Essefua_

Date: _02/10/17_

FranchisorDefs-00021022

## DECLARATION

I, Mohammad Hayat, am a Delivery Expert at 3342 New Windsor Pizza, LLC, a franchised Domino's® store located at 420 Windsor Highway, New Windsor, New York 12553. This declaration is based on my personal knowledge, unless otherwise indicated.

      1.     I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

      2.     My current employer is 3342 New Windsor Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3342 New Windsor Pizza, LLC in January 2017, not by Domino's. I applied directly to 3342 New Windsor Pizza, LLC, not Domino's, and I interviewed with Mohammad, who is an employee at 3342 New Windsor Pizza, LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

      3.     The only people who supervise me are employees of 3342 New Windsor Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

1

FranchisorDefs-00021023

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3342 New Windsor Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3342 New Windsor Pizza, LLC, not Domino's.

5.      I have always worked at or from 3342 New Windsor Pizza, LLC's restaurant, and I use 3342 New Windsor Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3342 New Windsor Pizza, LLC, and not any employees of Domino's.  I have never met or interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3342 New Windsor Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _Mohammad Hayat_

Printed Name: _Mohammad Hayat_

Date: _02·16·17_

Confidential

FranchisorDefs-00021024

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 420 Windsor Highway, New Windsor, New York 12553. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action. You have further explained, and I understand, that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _Mohammad Hayat_

Printed Name: _Mohammad Hayat_

Date: _02.16.17_

1

## DECLARATION

I, Tarek Aziz, am a Delivery Driver at 1017 Jericho Tpke LLC, a franchised Domino's® store located at 1017 Jericho Turnpike, New Hyde Park, New York 11710. This declaration is based on my personal knowledge, unless otherwise indicated.

1.       I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.       My current employer is 1017 Jericho Tpke LLC, and I do not believe that Domino's ever was my "employer." I was hired by 1017 Jericho Tpke LLC in October 2016, not by Domino's. I applied directly to 1017 Jericho Tpke LLC, not Domino's, and I interviewed with an employee at 1017 Jericho Tpke LLC. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.       The only people who supervise me are employees of 1017 Jericho Tpke LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.       My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 1017 Jericho Tpke LLC is responsible for paying my wages, and each of my paychecks comes from 1017 Jericho Tpke LLC, not Domino's.

1

FranchisorDefs-00021026

5.     I have always worked at or from 1017 Jericho Tpke LLC's restaurant, and I use 1017 Jericho Tpke LLC's tools, such as ovens and other pizza-making equipment, to perform my duties. I have never worked for any other franchisees. I previously worked for a Domino's corporate store located in Queens Boulevard. I worked at the store in Queens Boulevard for approximately 8 months in 2016. I used the Queens Boulevard store's tools and equipment while I was working at that store.

6.     While working at 1017 Jericho Tpke LLC, I only work with employees of 1017 Jericho Tpke LLC, and not any employees of Domino's. I have never met or interacted with any employees of Domino's while working at 1017 Jericho Tpke LLC.

7.     To my knowledge, Domino's has had no involvement in any aspect of my employment with 1017 Jericho Tpke LLC. I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: _Tarek Aziz_

Date: _02/10/2017_

2

FranchisorDefs-00021027

### Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 1017 Jericho Tpke LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: _____

Date: _____

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, Cookston Enterprises, Inc. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: Mohammad M Khan

Date: 02-09-17

## DECLARATION

I, Mohammad Khan, am a Delivery Expert at Cookston Enterprises, Inc., a franchised Domino's® store located at 170 West 23rd Street, New York, New York 10011. This declaration is based on my personal knowledge, unless otherwise indicated.

1.     I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.     My current employer is Cookston Enterprises, Inc., and I do not believe that Domino's ever was my "employer." I was hired by Cookston Enterprises, Inc. in 2016, not by Domino's. I applied directly to Cookston Enterprises, Inc., not Domino's. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.     The only people who supervise me are employees of Cookston Enterprises, Inc. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.     My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, Cookston Enterprises, Inc. is responsible for paying my wages, and each of my paychecks comes from Cookston Enterprises, Inc., not Domino's.

1

5.      I have always worked at or from Cookston Enterprises, Inc.'s restaurant, and I use Cookston Enterprises, Inc.'s tools to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of Cookston Enterprises, Inc., and not any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with Cookston Enterprises, Inc.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: Mohammad M Khan

Date: 02·09-17

FranchisorDefs-00021007

### Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, Mumbuh Style Pizza, Inc., located at 943 1st Avenue, New York, New York 10022. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: TOYA GLADYS

Date: 2 / 11 / 17

FranchisorDefs-00021032

## DECLARATION

I, Gladys Towa, am an Insider at Mumbuh Style Pizza, Inc., a franchised Domino's® store located at 943 1st Avenue, New York, New York 10022.  This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law.  I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is Mumbuh Style Pizza, Inc., and I do not believe that Domino's ever was my "employer."  I was hired by Mumbuh Style Pizza, Inc. in January 2017, not by Domino's.  I applied directly to Mumbuh Style Pizza, Inc., not Domino's, and I interviewed with Ashraf H, who is an employee at Mumbuh Style Pizza, Inc.  I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of Mumbuh Style Pizza, Inc. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment.  My supervisors also set the rules at work and discipline employees for any misconduct.

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, Mumbuh Style Pizza, Inc. is responsible for paying my wages, and each of my paychecks comes from Mumbuh Style Pizza, Inc., not Domino's.

1

FranchisorDefs-00021033

5.      I work at or from Mumbuh Style Pizza, Inc.'s restaurant, and I use Mumbuh Style Pizza, Inc.'s tools to perform my duties.  I used to the work at the Domino's franchise on 72nd Street. I have never worked for Domino's or any of its corporate stores.

6.      I only work with employees of Mumbuh Style Pizza, Inc., and not any employees of Domino's.  My interaction with Domino's employees, if any, has been solely with respect to store inspections, which are brief and infrequent.  None of these inspectors have ever given me instructions about how I should perform my duties.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with Mumbuh Style Pizza, Inc.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By:      _____

Printed Name: TOWA GLADYS

Date:    2/11/17

FranchisorDefs-00021034

## DECLARATION

I, Nur Nabi, am a Delivery Expert at 3694 Lower East Side Pizza, LLC, a franchised Domino's® store located at 205 Allen Street, New York, New York 10002. This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law. I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3694 Lower East Side Pizza, LLC, and I do not believe that Domino's ever was my "employer." I was hired by 3694 Lower East Side Pizza, LLC in October, 2016, not by Domino's. I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3694 Lower East Side Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment. My supervisors also set the rules at work and discipline employees for any misconduct.

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases. Similarly, 3694 Lower East Side Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3694 Lower East Side Pizza, LLC, not Domino's.

1

FranchisorDefs-00021044

5.      I have always worked at or from 3694 Lower East Side Pizza, LLC's restaurant, and I use 3694 Lower East Side Pizza, LLC's tools to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3694 Lower East Side Pizza, LLC, and not any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3694 Lower East Side Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By:   _Nurnel_

Printed Name: _NUR NABI_

Date: _02-07-2017_

FranchisorDefs-00021045

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3694 Lower East Side Pizza, LLC, located at 205 Allen Street, New York, New York 10002. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____ Nurnabi
Printed Name: NUR NABI
Date: 02-07-2017

FranchisorDefs-00021046

# DECLARATION

I, Ester Rodriguez, am a CRS at 3551 Yonkers Pizza, LLC, a franchised Domino's®
store located at 132 Tuckahoe Road, Yonkers, New York 10710.  This declaration is based on
my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-
2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former
employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they
were not properly paid as required by law.  I further understand that on February 13, 2017 the
court presiding over these lawsuits conditionally certified a collective action for claims brought
under the Fair Labor Standards Act.  I further understand that the Plaintiffs claim that they were
jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc.,
Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same
time.

2.      My current employer is 3551 Yonkers Pizza, LLC, and I do not believe that
Domino's ever was my "employer."  I was hired by 3551 Yonkers Pizza, LLC in February, 2017,
not by Domino's.  I applied directly to 3551 Yonkers Pizza, LLC, not Domino's, and I
interviewed with Beatriz Quispe, who is an employee at 3551 Yonkers Pizza, LLC.  I never met
with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3551 Yonkers Pizza, LLC.
On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my
schedule, give me performance feedback, and control all other aspects of my employment.  My
supervisors also set the rules at work and discipline employees for any misconduct.

1

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3551 Yonkers Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3551 Yonkers Pizza, LLC, not Domino's.

5.      I have previously worked at a Domino's owned corporate store in the Bronx. While working at 3551 Yonkers Pizza, LLC, I use 3551 Yonkers Pizza, LLC's tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees.

6.      I only work with employees of 3551 Yonkers Pizza, LLC, and not any employees of Domino's.  While working at 3551 Yonkers Pizza, LLC, I have never met or interacted with any employees of Domino's.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3551 Yonkers Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Printed Name: _Esther Rodriguez_

Date: _3/3/17_

2

FranchisorDefs-00021194

**<u>Statement and Acknowledgment</u>**

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me.  I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3551 Yonkers Pizza, LLC.  You have further explained, and I understand, that you do not represent the Franchisees.  You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.  You have further explained, and I understand, that on February 13, 2017 the court presiding over these lawsuits conditionally certified a collective action for claims brought under the Fair Labor Standards Act.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations.  You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer."  You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees.  I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview.  You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing.  You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs.  I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason.  I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _Esther Rodriguez_

Printed Name: _Esthel Rochguiz_

Date: _3/3/17_

1

## DECLARATION

I, Patricia Perez, am a Shift Runner, at 3489 Riverhead Pizza, LLC., a franchised Domino's® store located at 158 Old Country Road, Riverhead, New York, 11901.   This declaration is based on my personal knowledge, unless otherwise indicated.

1.      I understand that lawsuits captioned *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492, and *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16-cv-06274, have been filed by former employees of various Domino's® franchises, and that the Plaintiffs in these lawsuits claim they were not properly paid as required by law.  I further understand that the Plaintiffs claim that they were jointly employed both by the franchisee for whom they worked and by Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") at the same time.

2.      My current employer is 3489 Riverhead Pizza, LLC., and I do not believe that Domino's ever was my "employer."  I was hired by 3489 Riverhead Pizza, LLC. in August 2013, not by Domino's.  I applied directly to 3489 Riverhead Pizza, LLC., not Domino's, and I interviewed with Sammy Samudio, who is the Manager of 3489 Riverhead Pizza, LLC.  I never met with or spoke to anyone from Domino's in connection with my hiring.

3.      The only people who supervise me are employees of 3489 Riverhead Pizza, LLC. On a daily basis, these supervisors oversee my work, assign me tasks and duties, set my schedule, give me performance feedback, and control all other aspects of my employment.  My supervisors also set the rules at work and discipline employees for any misconduct.

4.      My supervisors also are responsible for setting my salary, as well as giving me pay increases.  Similarly, 3489 Riverhead Pizza, LLC is responsible for paying my wages, and each of my paychecks comes from 3489 Riverhead Pizza, LLC, not Domino's.

1

FranchisorDefs-00021041

5.      I have always worked at or from 3489 Riverhead Pizza, LLC.'s restaurant, and I use 3489 Riverhead Pizza, LLC.'s tools, such as ovens and other pizza-making equipment, to perform my duties.  I have never worked for any other franchisees, nor have I ever worked for Domino's or any of its corporate stores.

6.      I only work with employees of 3489 Riverhead Pizza, LLC., and not any employees of Domino's.  My interaction with Domino's employees has been solely with respect to about 3 or 4 store inspections.  None of these inspectors have ever given me instructions about how I should perform my duties.

7.      To my knowledge, Domino's has had no involvement in any aspect of my employment with 3489 Riverhead Pizza, LLC.  I do not consider myself to be an employee of Domino's and do not wish to pursue any claims against Domino's.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


By:     _____

Printed Name:  Patricia Perez

Date:  02/07/2017

Confidential

## Statement and Acknowledgment

You have explained, and I understand, that you are an attorney representing Domino's Pizza, Inc., Domino's Pizza LLC and Domino's Pizza Franchising LLC (together, "Domino's") and that you do not represent me. I further understand that you are investigating certain claims made in lawsuits filed against Domino's and certain Domino's® franchisees (the "Franchisees"), including my employer, 3489 Riverhead Pizza, LLC. You have further explained, and I understand, that you do not represent the Franchisees. You have explained to me, and I understand, that the plaintiffs in these lawsuits, who are former employees of certain of the Franchisees (the "Plaintiffs"), wish to bring these lawsuits on behalf of former and current employees of the Franchisees and that, if the court certifies or approves this class, I may be eligible to participate in this lawsuit with certain rights arising from or relating to such action.

You have explained to me that the lawsuits allege that certain employees of the Franchisees were not paid for all hours they worked, were not paid at the required minimum wage rate, were not paid at the required overtime rate, and did not receive all tips that they were owed, among other purported wage and hour violations. You further explained that the Plaintiffs allege that Domino's should be held liable for the Franchisees' alleged failure to make these payments as a "joint employer." You have further explained to me that Domino's disputes these claims and contends that it is not the employer of, and never employed, the Franchisees' employees. I understand that part of your investigation includes interviewing employees of the Franchisees, such as me.

I have been advised that if I am currently represented by an attorney or would like to have one present, I should not participate in this interview. You have further advised me that should I have any questions regarding this interview, I am entitled to speak to an attorney of my own choosing. You have also offered to give me the name and contact information of the attorney who is representing the Plaintiffs. I acknowledge that my participation in this interview is completely voluntary and that I can decline to participate at any time, and for any reason. I further understand that I may not be subjected to retaliation based upon my decision to participate, or not participate, in this interview.

I have read and understand the above statement.

By: _____

Printed Name: Patricia Perez

Date: 02/07/2017

FranchisorDefs-00021043