UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DOMINO'S PIZZA INC.<br><br>THIS DOCUMENT RELATES TO:<br><br>RIAD KUCHER, ET AL.,<br><br>        Plaintiffs,<br><br>-against-<br><br>DOMINO'S PIZZA, INC., ET AL.,<br><br>        Defendants. | Master File No.: 16-cv-02492 (AJN) |

**COOKSTON DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE THE RULE 68 OFFER OF JUDGMENT, OR IN THE ALTERNATIVE, REVERSE JUDGMENT**

Robin B. Kallor
Cindy M. Cieslak
FordHarrison, LLP
750 Main Street, Suite 606
Hartford, CT 06103
(860) 748-4660

Attorneys for Defendants: *Hat Trick Pizza, Inc.; Cookston Enterprises, Inc.; Mumbah Style Pizza, Inc.; Sestwon Pizza, LLC; 117 Mineola Ave., LLC; 1872 Bellmore Ave., LLC; 1017 Jericho Tpke, LLC; 3489 Riverhead Pizza, LLC; 3469 Mastic Pizza, LLC; 3683 Washington Heights Pizza, LLC; 3456 Hamilton Heights Pizza, LLC; 3342 New Windsor Pizza, LLC; 3361 Monroe Pizza, LLC; 3352 Mount Kisco Pizza, LLC; 3441 Ossining Pizza, LLC; 3488 Cortlandt Manor Pizza, LLC; 3616 West Village Pizza, LLC; 3694 Lower East Side Pizza, LLC; 3551 Yonkers Pizza, LLC; Team Stamford, LLC; AAR, LLC; Lucky 13, Inc.; AC Pizza, Inc.; Rolling In The Dough, LLC; and Robert Cookston*, referred to collectively as the "Cookston Defendants."

## I. PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 60(b), the Cookston Defendants respectfully move this Court for an Order enforcing the Rule 68 Offer of Judgment previously accepted by named Plaintiffs Riad Kucher and Haroon Mojumder, and opt-in Plaintiff Amanul Islam Boby ("Settling Plaintiffs) and dismissing all of the Settling Plaintiffs' claims made in the Third Amended Complaint, or in the alternative, because the Settling Plaintiffs refuse to comply with the agreement into which they entered, an Order reversing the judgment and directing that the Settling Plaintiffs return the monetary relief received in connection with the judgment, as well as any other and further relief as the Court deems just and proper.

Indeed, the Settling Plaintiffs accepted an offer of judgment in which they agreed that the judgment encompassed all of their claims and all potential damages in this lawsuit; yet they purport to continue to pursue the action against the Franchisor Defendants on the grounds that the Offer of Judgment was only made by the Cookston Defendants. Furthermore, it appears that Plaintiff Kucher continues to pursue his retaliation claims against all Defendants, including the Cookston Defendants.

## II. BACKGROUND AND PROCEDURAL POSTURE

This action began in April, 2016. On July 27, 2016, the Cookston Defendants served a Rule 68 Offer of Judgment on Plaintiffs Riad Kucher and Haroon Mojumder, and opt-in Plaintiff Amanul Islam Boby ("Settling Plaintiffs"). (Doc. 160). The Settling Plaintiffs accepted the Offer of Judgment from the Cookston Defendants on August 10, 2016. (Id.). Accordingly, on August 25, 2016, judgment entered for the Settling Plaintiffs. (Doc. 172). In accepting the Offer of Judgment, the Settling Plaintiffs acknowledged and agreed that the amounts paid to each of them "*encompass **all** of [the Settling Plaintiffs'] claims asserted **in the Complaint**,*" and that these

payments were "*inclusive of **all potential alleged damages** that [the Settling Plaintiffs] could recover if they were to continue to pursue **this lawsuit**.*"  (Doc. 160) (emphasis added).

On August 26, 2016, *after* the Offer of Judgment was accepted and judgment had entered, Plaintiffs Riad Kucher, who alleges he worked for the Cookston Defendants as a CSR and later as an ASM from approximately November 2014 to January 2016 at five different locations, Haroon Mojumder, who alleges he alleges he worked for the Cookston Defendants from approximately July 2014 through January 2016 as a delivery driver at one store, and Omar Faruk,[1] who alleges he worked for the Cookston Defendants from approximately October 2014 through December 2015 as a CSR and ASM at one store, filed the Third Amended Complaint ("TAC"), Doc. 171, in the instant putative FLSA collective action and Rule 23 class action against the Cookston Defendants, alleging wage and hour violations and retaliation under the FLSA and the New York Labor Law.  (TAC ¶¶ 14, 17-19, 49).  The TAC also asserts the same theories of action against the Franchisor Defendants under a "joint employer" theory.  (TAC ¶¶ 50-74).

In Counts One and Two of the TAC, Plaintiffs allege violations of the FLSA relating to minimum wage and overtime payments.  (TAC ¶¶ 170-180).  Plaintiffs bring Counts One and Two on behalf of themselves and a collective.  (TAC ¶¶ 14, 170, 176).  In Counts Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve of the TAC, Plaintiffs allege violations of the NYLL relating to minimum wage payments, overtime payments, failure to make wage payments, failure to make timely wage payments, failure to make payments following separation, deductions from pay and gratuities, failure to provide accurate wage statements, failure to make spread of hours payments, and unlawful uniform requirements.  (TAC ¶¶ 181-224).  Plaintiffs bring Counts Three through Twelve on behalf of themselves and a class. (TAC ¶¶ 181, 187, 192, 196, 200, 204,

---

[1] Judgement has not entered with respect to Mr. Faruk.

2

209, 213, 217, 221).

Finally, in Counts Thirteen and Fourteen of the TAC, Plaintiff Kucher, *individually*, alleges violations of the FLSA and NYLL relating to retaliation. (TAC ¶¶ 225-234). In the Third Amended Complaint, which was filed *after* the Settling Plaintiffs (including Kucher) accepted the offer of judgment for all claims and potential damages, Plaintiff Kucher individually asserts the Thirteenth and Fourteenth Causes of Action "against all Defendants," which appears to include the Cookston Defendants. Furthermore, despite the clear and unambiguous terms of the Offer of Judgment for all claims and potential damages in their lawsuit, all of the Settling Plaintiffs continue to pursue their claims against the Franchisor Defendants.

### III. LEGAL STANDARD

Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Subpart (6) "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice.'" *Matarese v. Le Fevre*, 801 F.2d 98, 106 (2d Cir. 1986) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977)). "[I]t constitutes a 'grand reservoir of equitable

power to do justice in a particular case.'" *Id.* (quoting *Radack v. Norwegian Am. Line Agency*, 318 F.2d 538, 542 (2d Cir. 1963)). "It is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Id.* (internal citations and quotation marks omitted). *See also Harris v. City of New York*, No. 96 Civ. 7565 (KNF), 2012 U.S. Dist. LEXIS 161402, at *13 (S.D.N.Y. Nov. 9, 2012).

## IV.     LEGAL ARGUMENT

"Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." *Goodheart Clothing Co. v. Laura Goodman Enterprises*, 962 F.2d 268, 272 (2d Cir. 1992). It is well-settled that where contract terms are unambiguous, extrinsic evidence is not to be considered in interpreting an agreement. "If a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature . . . ." *Jolly v. Coughlin*, No. 92 Civ. 9026 (JGK), 1999 U.S. Dist. LEXIS 349, at *13 (S.D.N.Y. Jan. 14, 1999) (internal citations omitted). "Ambiguous language is that which is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Boudle v. CMI Network, Inc.*, No. 07-CV-2820, 2009 U.S. Dist. LEXIS 5606, at *7-8 (E.D.N.Y. Jan. 27, 2009) (internal citations and quotation marks omitted).

Here, the terms of the Rule 68 Offer of Judgment—that it encompasses "***all***" claims asserted in the Complaint and "***all***" potential damages the Settling Plaintiffs could recover "***in this lawsuit***"— is not ambiguous. There was no limitation contained in the offer as to which claims it

4

covered; rather, it unequivocally covered all of the Settling Plaintiffs claims and potential damages in this lawsuit.  The terms of the Offer of Judgment, which was accepted by the Settling Plaintiffs, are clear and straightforward.  The Offer expressly and intentionally stated that it encompasses "***all***" claims asserted in the Complaint and "*all*" potential damages the Settling Plaintiffs could recover "***in this lawsuit***."  (Doc. 160).

Moreover, because the Settling Plaintiffs' claims against the Franchisor Defendants rest solely on the theory that they are liable for the Cookston Defendants' alleged wage law violations as "joint employers," the Cookston Defendants agree with the Franchisor Defendants that the Settling Plaintiffs' claims against the Franchisor Defendants are wholly derivative of – not separate or distinct from – their former claims against the Cookston Defendants.  *See Balk v. New York Inst. of Tech.*, No. 11-cv-509 (SAS), 2015 U.S. Dist. LEXIS 123833, *31 (E.D.N.Y. Nov. 9, 2015), *aff'd*, 683 Fed. Appx. 89, 2017 U.S. App. LEXIS 5250 (2d Cir. March 23, 2017) (holding that, where plaintiff's claims against his primary employer fail, so too must his claims against the alleged joint employer).

Because the Settling Plaintiffs plainly resolved all of their claims and acknowledged that they have no other damages, it necessarily follows that they have no remaining claims to pursue against either the Cookston Defendants or the Franchisor Defendants. Accordingly, the Court should enter an order directing that all of the Settling Plaintiffs' claims in the Third Amended Complaint are dismissed– including Plaintiff Kucher's retaliation claims against the Cookston Defendants and all of the Settling Plaintiffs' claims against the Franchisor Defendants – or, alternatively, an order reversing the judgment and directing the Settling Plaintiffs to return the monetary relief received in connection with the Offer of Judgment.

5

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Cookston Defendants respectfully request that the Court enter an Order enforcing the Rule 68 Offer of Judgment previously accepted by named Plaintiffs Riad Kucher and Haroon Mojumder, and opt-in Plaintiff Amanul Islam Boby ("Settling Plaintiffs) and dismissing all of the Settling Plaintiffs' claims, or in the alternative, because the Settling Plaintiffs refuse to comply with the agreement into which they entered, an Order reversing the judgment and directing that the Settling Plaintiffs return the monetary relief received in connection with the judgment, as well as any other and further relief as the Court deems just and proper.

Dated:  Hartford, Connecticut
November 27, 2017

Respectfully submitted,

FORDHARRISON LLP

*Attorneys for the Cookston Defendants*
750 Main Street
Suite 606
Hartford, CT  06103
860-748-4660

By: /s/ *Cindy M. Cieslak*
Robin B. Kallor (Rk-6719)
Cindy M. Cieslak (Cc-0234)

## **CERTIFICATION OF SERVICE**

This is to certify that on this 27th day of November, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David Gottlieb, Esq.
Tanvir Rahman, Esq.
Alex Hartzband, Esq.
Wigdor, LLC
85 Fifth Avenue
New York, NY 10003
Attorneys for the *Kucher* Plaintiffs

Andrew W. Goldwater, Esq.
Friedman, Kaplan, Seiler & Adelman, LLP
7 Times Square
New York, New York 10036
Attorney for the Franchisor Defendants

Joseph A. Piesco, Esq.
Norman M. Leon. Esq.
Eric J. Wallach, Esq.
Garrett David Kennedy, Esq.
DLA Piper, LLP
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Attorneys for the Franchisor Defendants

John Troy, Esq.
Kibum Byun, Esq.
Troy & Associates, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
(718) 762-1342
JohnTroy@TroyPllc.com
Attorneys for *De Los Santos* Plaintiffs

                                                     _/s/ *Cindy M. Cieslak*_
                                                     Cindy M. Cieslak

WSACTIVELLP:9470538.1

8