UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE DOMINO'S PIZZA INC.

THIS DOCUMENT RELATES TO:

RIAD KUCHER, ET AL.,

        Plaintiffs,

-against-

DOMINO'S PIZZA, INC., ET AL.,

        Defendants.

Master File No.: 16-cv-02492 (AJN)


**COOKSTON DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO THE COOKSTON DEFENDANTS' MOTION TO ENFORCE THE RULE 68 OFFER OF JUDGMENT, OR IN THE ALTERNATIVE, REVERSE JUDGMENT**

Robin B. Kallor
Cindy M. Cieslak
FordHarrison, LLP
750 Main Street, Suite 606
Hartford, CT 06103
(860) 748-4660

Attorneys for Defendants: *Hat Trick Pizza, Inc.; Cookston Enterprises, Inc.; Mumbah Style Pizza, Inc.; Sestwon Pizza, LLC; 117 Mineola Ave., LLC; 1872 Bellmore Ave., LLC; 1017 Jericho Tpke, LLC; 3489 Riverhead Pizza, LLC; 3469 Mastic Pizza, LLC; 3683 Washington Heights Pizza, LLC; 3456 Hamilton Heights Pizza, LLC; 3342 New Windsor Pizza, LLC; 3361 Monroe Pizza, LLC; 3352 Mount Kisco Pizza, LLC; 3441 Ossining Pizza, LLC; 3488 Cortlandt Manor Pizza, LLC; 3616 West Village Pizza, LLC; 3694 Lower East Side Pizza, LLC; 3551 Yonkers Pizza, LLC; Team Stamford, LLC; AAR, LLC; Lucky 13, Inc.; AC Pizza, Inc.; Rolling In The Dough, LLC; and Robert Cookston*, referred to collectively as the "Cookston Defendants."

I. **PRELIMINARY STATEMENT**

On November 27, 2017, pursuant to Fed. R. Civ. P. 60(b), the Cookston Defendants respectfully moved this Court for an Order enforcing the Rule 68 Offer of Judgment previously accepted by named Plaintiffs Riad Kucher and Haroon Mojumder, and opt-in Plaintiff Amanul Islam Boby ("Settling Plaintiffs) and dismissing all of the Settling Plaintiffs' claims made in the Third Amended Complaint, or in the alternative, because the Settling Plaintiffs refuse to comply with the agreement into which they entered, an Order reversing the judgment and directing that the Settling Plaintiffs return the monetary relief received in connection with the judgment, as well as any other and further relief as the Court deems just and proper. (Docs. 460-461). The Franchisor Defendants also moved to enforce the Rule 68 Offer of Judgment and moved to compel arbitration. (Docs. 457-459).

On December 11, 2017, the Plaintiffs opposed both the Franchisor Defendants and Cookston Defendants' motions. (Doc. 474).

The Cookston Defendants hereby respectfully file this reply memorandum in response to the Plaintiff's arguments that were responsive to the Cookston Defendants' motion.

II. **LEGAL ARGUMENT**

As previously set forth in the Cookston Defendants' moving papers, "[o]ffers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." *Goodheart Clothing Co. v. Laura Goodman Enterprises*, 962 F.2d 268, 272 (2d Cir. 1992). It is well-settled that where contract terms are unambiguous, extrinsic evidence is not to be considered in interpreting an agreement. "If a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature . . . ." *Jolly v. Coughlin*, No. 92 Civ.

1

9026 (JGK), 1999 U.S. Dist. LEXIS 349, at *13 (S.D.N.Y. Jan. 14, 1999) (internal citations omitted). "Ambiguous language is that which is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Boudle v. CMI Network, Inc.*, No. 07-CV-2820, 2009 U.S. Dist. LEXIS 5606, at *7-8 (E.D.N.Y. Jan. 27, 2009) (internal citations and quotation marks omitted).

Here, the terms of the Offer of Judgment, which were accepted by the Settling Plaintiffs, are clear and straightforward. While it is true that the Cookston Defendants are expressly referenced in some of the language within the Offer, Paragraph 4 specifically does not limit the agreement to the Cookston Defendants and instead refers to "all of Plaintiffs' claims asserted in the Complaint . . . and all claims for damages for alleged retaliatory conduct." (Doc. 160). Most specifically, the Offer states: "This sum is inclusive of all potential *alleged* damages that Plaintiffs could recover *if they were to continue to pursue this lawsuit*, as well as prejudgment interest incurred through the date of this Offer of Judgment." (Id.). Clear from this language is that if the Offer was accepted, Plaintiffs would no longer pursue their lawsuit.

Additionally, the language is not so broad, as Plaintiffs suggest, to attempt to limit any claim that could ever be imagined; rather, the language is clear that the sum is inclusive of "all potential alleged damages" in "this lawsuit." Therefore, the terms of the Offer of Judgment and its reach were clear as the lawsuit was against both the Cookston Defendants and the Franchisor Defendants.

Moreover, Plaintiffs are only entitled to recover once under the FLSA or NYLL for their employment with the Cookston Defendants, even if Plaintiffs were successful on their joint

employer theory. *See Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 U.S. Dist. LEXIS 121259, at *17 (S.D.N.Y. Sep. 8, 2016) ("[P]laintiffs may not recover under both the FLSA and the NYLL for the same injury."); *Yu Y. Ho v. Sim Enter.*, No. 11 Civ. 2855, 2014 U.S. Dist. LEXIS 66408, at *36 (S.D.N.Y. May 13, 2014) ("[P]laintiffs may not recover these compensatory damages under both FLSA and the NYLL."). Plaintiffs have not cited any case law to support their position that they could recover any additional amount by maintaining a lawsuit against the Franchisor Defendants after having recovered from the Cookston Defendants. Plaintiffs cannot recover twice—once against a direct employer and once against a joint employer—for a claim of lost wages for a single period of employment simply because they assert the Franchisor Defendants were a joint employer. Therefore, because the Settling Plaintiffs agreed to the Offer of Judgment which expressly stated that the offer "is inclusive of ***all potential alleged damages that Plaintiffs could recover if they were to continue to pursue this lawsuit***," they have expressly agreed that they have recovered all that they could recover in this lawsuit (regardless of the outcome of the issue as to whether the Offer of Judgment includes the Franchisor Defendants). Accordingly, permitting the claims by the Settling Plaintiffs to move forward against the Franchisor Defendants would be an inefficient use of judicial resources.

Plaintiffs attempt to confuse the issue by offering emails concerning negotiations over the payment of fees which were not included in the Offer of Judgment; however, these negotiations and emails occurred ***after*** the Offer of Judgment was accepted. Whatever subjective intent the Settling Plaintiffs had ***after*** they had accepted the Offer and during the negotiation of fees is entirely immaterial. The language of the Offer of Judgment is unambiguous, and extrinsic evidence should not be considered by the Court.

Notably, in attaching the emails to their opposition, Plaintiffs make a material misrepresentation to the Court that the Cookston Defendants must address.  In reference to an email exchange dated November 10, 2016, which Plaintiffs attached as Exhibit 5 to their opposition, Plaintiffs aver that "the Cookston Defendants never responded by clarifying that they expected Domino's to receive any benefit from the Rule 68 Offer."  (Pls.' Opp., p. 8).  However, the Cookston Defendants did, in fact, respond on November 10, 2016 at 11:30PM, and clarified their position. (Cieslak Decl., ¶ 2).  When the Cookston Defendants brought to Plaintiffs' attention that Plaintiffs made such misrepresentation to the Court in their letter to the Court on this issue (Doc. 422), Plaintiffs disagreed and believed that should the Cookston Defendants attach any further emails that address the parties' negotiation of fees, it would violate an agreement between the parties to keep the negotiations confidential.  (Cieslak Decl., ¶ 3). Accordingly, although the Cookston Defendants believe that the extrinsic evidence is ultimately immaterial, should the Court determine that extrinsic evidence is probative, the Cookston Defendants invite the Court to order disclosure of that responsive email, along with the remainder of the record on that issue, and not simply the portions that Plaintiffs have chosen to attach.[1]

Furthermore, it is unclear how emails between the parties relating to fees *after* the Offer of Judgment was accepted are dispositive of what the terms of the accepted Offer were.  Indeed, the cases relied upon by Plaintiffs involved disagreements over whether attorney's fees were included in the offer of judgment; however, here, it was unambiguous that the Offer excluded attorney's fees.  Additionally, *Struthers* involved civil rights claims asserted separately against

---

[1] The emails attached by Plaintiffs were confidential settlement communications. Plaintiffs redacted the monetary amounts of offers and demands made between the parties from Exhibit 5, but the remainder of the discussions are now public record.  Furthermore, this document was already fully disclosed when it was attached as an Exhibit to Plaintiffs' October 23, 2017 letter.  (Doc. 422-3).

4

the City and individual officers, which is not comparable to a wage and hour claim against an employer and an alleged joint employer. Therefore, Plaintiffs' cases are inapposite and extrinsic evidence should not be considered in connection with this dispute.

## III. CONCLUSION

For the reasons set forth in the Cookston Defendants' moving papers and herein, the Cookston Defendants respectfully request that the Court enter an Order enforcing the Rule 68 Offer of Judgment previously accepted by named Plaintiffs Riad Kucher and Haroon Mojumder, and opt-in Plaintiff Amanul Islam Boby ("Settling Plaintiffs) and dismissing all of the Settling Plaintiffs' claims, or in the alternative, because the Settling Plaintiffs refuse to comply with the agreement into which they entered, an Order reversing the judgment and directing that the Settling Plaintiffs return the monetary relief received in connection with the judgment, as well as any other and further relief as the Court deems just and proper.

Dated: Hartford, Connecticut
December 18, 2017

Respectfully submitted,

FORDHARRISON LLP

*Attorneys for the Cookston Defendants*
750 Main Street
Suite 606
Hartford, CT  06103
860-748-4660

By: /s/ *Cindy M. Cieslak*
    Robin B. Kallor (Rk-6719)
    Cindy M. Cieslak (Cc-0234)

5

## CERTIFICATION OF SERVICE

This is to certify that on this 18th day of December, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David Gottlieb, Esq.
Tanvir Rahman, Esq.
Alex Hartzband, Esq.
Wigdor, LLC
85 Fifth Avenue
New York, NY 10003
Attorneys for the *Kucher* Plaintiffs

Andrew W. Goldwater, Esq.
Friedman, Kaplan, Seiler & Adelman, LLP
7 Times Square
New York, New York 10036
Attorney for the Franchisor Defendants

Joseph A. Piesco, Esq.
Norman M. Leon. Esq.
Eric J. Wallach, Esq.
Garrett David Kennedy, Esq.
DLA Piper, LLP
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Attorneys for the Franchisor Defendants

John Troy, Esq.
Kibum Byun, Esq.
Troy & Associates, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
(718) 762-1342
JohnTroy@TroyPllc.com
Attorneys for *De Los Santos* Plaintiffs

　　　　　　　　　　　　　　　　　　　　_/s/ *Cindy M. Cieslak*　　　
　　　　　　　　　　　　　　　　　　　　Cindy M. Cieslak

WSACTIVELLP:9517151.1