


Michael J. Rose
Robin B. Kallor*
Melinda A. Powell
Cindy M. Cieslak**
Sarah L. Wilber

Paralegal:
Kiva T. Bynum
Vicky D. Pilon

*Also admitted in New York and New Jersey
**Also admitted in Massachusetts

October 15, 2018

**VIA ECF**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re: **In re DOMINO'S PIZZA INC., No. 1:16-cv-02492-AJN-KNF**
**THIS DOCUMENT RELATES TO: ALL ACTIONS**
Riad Kucher et al. v. Domino's Pizza, Inc. et al.
De Los Santos et al. v. Hat Trick Pizza, Inc. et al.
Matthew Gannon, et. al. v. Domino's Pizza, Inc. et. al.

Dear Judge Nathan:

As Your Honor is aware, this firm represents the Cookston Defendants in the above-referenced cases. (*Kucher*, Doc. 505). As Your Honor is also aware, on October 1, 2018, the Court granted the Domino's Franchisor Defendants' motion for summary judgment and the Domino's Franchisor Defendants were dismissed from this action. Following that ruling, the Court requested the parties' positions as to whether the above-referenced cases should remain consolidated.

It is the Cookston Defendants' position that the cases should not remain consolidated.

> Pursuant to Fed. R. Civ. P. 42(a), a court can consolidate pending matters where such actions "involve a common question of law or fact." Even when actions involve a common question of law or fact, the trial court has broad discretion to determine whether consolidation is appropriate by balancing the economy gained, an interest in avoiding conflicting results and prejudice to the parties. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990) (the court must consider "'[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of

> time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'")(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Maggio v. Leeward Ventures*, 939 F. Supp. 1020, 1031 (E.D.N.Y. 1996); *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 533 (S.D.N.Y.1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results.").

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260 (KAM), 2009 U.S. Dist. LEXIS 100158, at *11-13 (E.D.N.Y. Oct. 27, 2009). For the following reasons, consolidation is unnecessary to promote judicial economy or to avoid conflicting results, and may result in a confusion of the issues. *See id.* (citing *Smith v. Everson*, No. 06-cv-0791 (SJF)(AKT), 2007 U.S. Dist. LEXIS 58293, at *9-10 (E.D.N.Y. Aug. 6, 2007) (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency); *Johnson v. Kerney*, No. 91-cv-4028, 1993 U.S Dist. LEXIS 18503, at *18 (E.D.N.Y. Dec. 16, 1993) (noting that there was undoubtedly some overlap between the two suits, but the efficiency gained in combining the suits would not be substantial and was outweighed by the potential for confusion).

Although the three pending cases involve the same Defendants, the facts and legal issues raised are distinct among the three cases. Accordingly, the similarities between these actions are limited and are insufficient to satisfy the requirement of Fed. R. Civ. P. 42 that the actions involve common questions of law and fact.

First, the parties are not the same among the three actions. The *Kucher* action is a collective action lawsuit that involves 23 Domino's stores owned by Mr. Cookston, whereas the *De Los Santo*s action is limited to one Domino's store, Hat Trick Pizza, Inc. (the *De Los Santos* Plaintiffs' place of employment). Additionally, Gannon is limited to 9 individual plaintiffs and 7 Domino's stores owned by Mr. Cookston.

Second, the three cases allege distinct legal theories:

- The *Kucher* plaintiffs set forth Twelve Causes of Action: (1) minimum wage and overtime violations pursuant to the FLSA, resulting from working off the clock (First and Second Causes of Action); (2) minimum wage and overtime violations pursuant to the New York Labor Law, resulting from allegedly working off the clock (Third and Fourth Causes of Action); (3) failure to pay wages, and with required frequency in violation of New York Labor Law, Section 191 (Fifth and Sixth Causes of Action) stemming from the alleged "off the clock work"; (4) failure to pay wages upon termination of employment (Seventh Cause of Action); (5) unlawful deductions in violation of New York Labor Law, Section 193 stemming from the alleged "off the clock work" (Eighth Cause of Action); (6) unlawful deductions from gratuities resulting from "tip jars" left at the cash

register in violation of New York Labor Law, Section 196-d (Ninth Cause of Action); (7) Failure to provide accurate wage statements in violation of New York Labor Law Section 195(3) and 12 NYCRR, Section 141-2.2 (Tenth Cause of Action); (8) Failure to make spread of hours payments in violation of 12 NYCRR, Section 142-2.4 resulting from the alleged "off the clock work" (Eleventh Cause of Action); (9) unlawful uniform requirements in violation of Wage Order 146-1.8 (Twelfth Cause of Action);

- The *De Los Santos* plaintiffs set forth Fourteen Cause of Action: (1) illegal retention of tips in violation of FLSA and NYLL (Counts One and Two), (2) unlawful deductions in violation of NYLL (Count Three), (3) violations of the FLSA related to unpaid minimum wages and overtime wages (Counts Four and Six), (4) violations of the NYLL related to unpaid minimum wages and unpaid overtime wages (Counts Five and Seven), and (5) violations of the record-keeping (Count Eight), wage notice (Count Nine) and paystub requirements of the NYLL (Count Ten). The *De Los Santos* Plaintiffs also assert causes of action claiming uniform maintenance pay (Count Eleven), breach of an implied contract for reimbursement of bicycle costs and expenses (Count Twelve), fraudulent filing of IRS returns in violation of 26 USC § 7434 (Count Thirteen), and deceptive acts and practices in violation of New York General Business Law § 349 (Count Fourteen);[1] and

- The *Gannon* plaintiffs set forth Eleven Causes of Action: (1) minimum wage and overtime violations in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (First through Sixth Causes of Action); (2) unlawful deductions in violation of NYLL § 193 (Seventh Cause of Action); (3) unlawful deductions from gratuities in violation of NYLL § 196-d (Eighth Cause of Action); (4) failure to provide accurate wage statements in violation of NYLL § 195(3) and 12 NYCRR § 141-2.2 (Ninth Cause of Action); (5) failure to make spread of hours payments in violation of 12 NYCRR § 142-2.4 (Tenth Cause of Action); and (6) uniform purchase and maintenance violations in violation of New York State Hospitality Industry Wage Order 146-1.8 (Eleventh Cause of Action).

In sum, the *Kucher* and *Gannon* actions deal primarily with allegations that the plaintiffs worked "off the clock," whereas, the *De Los Santos* case involves alleged retention of tips and the use of the tip credit.

Third, although the *Gannon* plaintiffs make claims similar to the *Kucher* plaintiffs, *Gannon* should not be consolidated with *Kucher* because the Court has already ruled that the

[1] On March 27, 2018, the Court dismissed Counts One, Three, Eight, Ten, Eleven, Thirteen, Fourteen, as well as claims related to meal breaks. (*De Los Santos*, Doc. 155).

*Gannon* plaintiffs did not timely opt in to the Kucher action, despite the opportunity to do so. (*Kucher*, Doc. 482, dismissing all individuals from the *Kucher* action who failed to meet the 60-day opt-in deadline). If the Court were to continue to consolidate *Gannon* with *Kucher*, it would reverse the well-reasoned prior opinion of this Court to not allow late opt in plaintiffs to *Kucher*..

Fourth, the *Gannon* case is at a different procedural stage than *Kucher* and *De Los Santos* because the Cookston Defendants' motion to dismiss (*Gannon*, Doc. 56) remains pending. *See Doe v. Hofstra Univ.*, No. 2:17-cv-00179 (DRH)(AYS), 2018 U.S. Dist. LEXIS 69853, at *8 (E.D.N.Y. Jan. 17, 2018) (affirming Magistrate Judge's decision to not consolidate where procedural postures of cases were at different stages).

Finally, discovery among the three cases will not sufficiently overlap. Discovery in the *De Los Santos* and *Gannon* cases will be much more confined than discovery in the *Kucher* collective action lawsuit. Additionally, given the different claims and theories of liability among the *Kucher* and *Gannon* plaintiffs, as compared to the *De Los Santos* plaintiffs, the areas of discovery among the three cases will also be distinct.

Accordingly, for all of the foregoing reasons, the Cookston Defendants respectfully request that the Court discontinue consolidation of the above-referenced cases.

The Cookston Defendants appreciate Your Honor's time and consideration.

Respectfully submitted,
/s/ *Cindy M. Cieslak*
Cindy M. Cieslak

CMC

cc: All counsel of Record via ECF